# EXHIBIT 1



# **Freshly Investigated Report**

# **ISTAR CO**

**Date :** 25 Jun, 2021

## Company Details

| | | |
|---|---|---|
| Country | : | Iraq |
| Business Entity Name | : | ISTAR CO |
| Name in Local Language | : | شركة عشتار |
| Operating Address | : | Nishtiman Bazaar, Erbil, Kurdistan |
| Tel | : | [+964] 750-3090029 |
| | : | [+964] 750-4306161 |
| | : | [+964] 750-2376060 |
| | : | [+964] 770-8834499 |
| | : | [+964] 772-8000011 |
| Email | : | info@istar-hd.com<br>sales@istar-hd.com<br>ahmed@istar-hd.comiran<br>iran@istar-hd.com<br>info@istargroups.com |
| Website - Primary | : | http://www.istar-hd.com/product.php |
| Website - Secondary | : | http://www.istar-hd.com/ |
| Primary Business Activity | : | Trader |
| Primary Industry | : | Electronic Products & Components |

## Key Facts

| | | |
|---|---|---|
| Registered Legal Address | : | Nishtiman Bazaar, Erbil, Kurdistan |
| License Number | : | 2512442 |
| Date of Registration | : | 14 Jul, 2006 |
| Issuing Authority | : | MINISTRY OF TRADE |
| Legal Form - Category | : | Private Company with Limited Liability |
| Legal Form - Full Name | : | Company |
| Legal Form - Abbreviation | : | CO (1) |
| License Status | : | License exists - Normal. |
| Operational Status of Business | : | Normal |
| Employees | : | 15 |
| Capital | : | US$ 1,370 |

**Note:**
(1) The abbreviation appearing at the end of the SBE's name above, is an abbreviation of the Legal Form "COMPANY"

## Credit Rating & Risk Analysis

Risk Index : Low



Credit Rating : Good



Points Allocated : 70

## CREDIT ASSESSMENT FACTORS

Credit risk assessment is gauged on 12 key business factors. Each factor is
assigned a rating and the total is aggregated and weighed
in consideration of any other influencing factors relevant to the final assessment.

These factors include :

| | | |
|---|---|---|
| Financial Status | Profitability | Industry sector & trends |
| Principals | Civil Litigation | Liabilities |
| Management | Scale of operations | Years in business & co history |
| Assets(real estate etc.) | Trade references & reputation | Family involvement & support |

## Country Risk Index



## Adverse Data

| Results | : Total of **0** record found. |
|---|---|

## Recommended Credit Limit - Trade Finance

| Maximum Recommended Credit | : USD $38,000 based on 30 days |
|---|---|

## Key Person

| Legal Title | : Chief Executive Officer - CEO |
|---|---|
| Name | : Mr. Ahmed Karim |
| Nationality | : Iraqi |

## Primary Products

| Products / Materials / Services Description | Activity |
|---|---|
| Digital satellite receivers | Importing, Trading |
| Tv reception apparatus | Importing, Trading |

## Commercial Credit Inquiries

| Date of Inquiry | Industry in which Inquirer Operates | Credit Type (* / **) | Credit Amount | Period |
|---|---|---|---|---|
| 25 Jun, 2021 | Professional Services - General | MRC | USD 38,000 | 30 days |

**Note:**

| | | |
|---|---|---|
| * | **MRC:** | Max. Recommended Credit amount |
| ** | **ISC :** | Inquirer Specified Credit amount |

# Fullcheck Report Details

| | | |
|---|---|---|
| Country | : | Iraq |
| Business Entity Name | : | ISTAR CO |
| Primary Business Activity | : | Trader |
| Primary Industry | : | Electronic Products & Components |
| **Office Contact Details** | | |
| Operating Address | : | Nishtiman Bazaar, Erbil, Kurdistan |
| Tel | : | [+964] 750-3090029 |
| | : | [+964] 750-4306161 |
| | : | [+964] 750-2376060 |
| | : | [+964] 770-8834499 |
| | : | [+964] 772-8000011 |
| Email | : | info@istar-hd.com |
| | | sales@istar-hd.com |
| | | ahmed@istar-hd.comiran |
| | | iran@istar-hd.com |
| | | info@istargroups.com |
| **Website Details** | | |
| Website - Primary | : | http://www.istar-hd.com/product.php |
| Website - Secondary | : | http://www.istar-hd.com/ |
| Status | : | Normal - operational |

## SIC PRODUCT CLASSIFICATION & ACTIVITY

| Product/Service Description | Code | Activity |
|---|---|---|
| Electronic Parts/Equip, NEC | 5065 | Importing, Trading |
| Radio & tv receiving sets; phonographs; recorders, nspf; microphones; loudspeakers; audio amplifiers; & oth audio equip | 3651 | Importing, Trading |

## HARMONIZED PRODUCT CLASSIFICATION & ACTIVITY

| Product/Service Description | Code | Activity |
|---|---|---|
| Electrical machinery & equip. & parts; telecommunications equip., sound recorders, television recorders | 8500 | Importing, Trading |
| Television apparatus for reception of tv signals relayed by tv satellite signals | 8525102010 | Importing, Trading |

## CORE BUSINESS DESCRIPTION

**Core Business**

The primary business focus of ISTAR CO is Trading - Finished products.

Key products include :
- Tv reception apparatus
- Digital satellite receivers

**Supplementary Business**

In addition to the core business, ISTAR CO also is engaged in the following areas of business:
1. Importing
    • Importing - Finished products

## DOMESTIC SALES & PURCHASES

| Annual Sales Analysis | Percentage |
|---|---|
| Domestic Sales | 100% |



| Annual Purchases Analysis | Percentage |
|---|---|
| Local Purchases | 80% |
| Imports | 20% |



**CAPITAL** (Currency: IQD - Iraqi Dinar)

| | | |
|---|---|---|
| Share Value | : | 10.00 |
| Authorized Capital | : | 2,000,000.00 |
| Paid-up Capital | : | 2,000,000.00 |

## FINANCIAL STATEMENT - DETAILED

Based on the corporate laws of Iraq, legal entities which are a Private Company with Limited Liability are not required to make public disclosure of their annual financials. Therefore no financials are available for this entity.

## REPUTATION

Reference checking for the purpose of establishing ISTAR CO's reputation within the respective industry failed to reveal any adverse information.

## NEGA-SCAN - ADVERSE DATA MONITORING

| DISHONORED CHECKS | No Record Found |
|---|---|

| DEBT | No Record Found |
|---|---|

| CIVIL LITIGATION | No Record Found |
|---|---|

| PERFORMANCE DEFAULTS | No Record Found |
|---|---|
| **ADVERSE LOCAL MEDIA COVERAGE / ADVERSE FILING HISTORY** | **No Record Found** |

## BANK DETAILS

| Bank Name | : COMMERCIAL BANK OF IRAQ |
|---|---|
| SWIFT Code | : AUBBIQBA |
| **Bank Name** | **: ERBIL BANK FOR INVESTMENT AND FINANCE** |
| SWIFT Code | : EBIFIQBA |

## SHAREHOLDERS

| Total number of shareholders | : 1 |
|---|---|
| Total number of shares | : 200,000 |

**Currency :** IQD - Iraqi Dinar

| No. | Shareholders | Country | Shares | | |
|---|---|---|---|---|---|
| | | | Number | Amount (IQD) | % |
| 1 | Mr. Ahmed Karim | Iraq | 200,000 | 2,000,000.00 | 100.000 |
| Total | | | 200,000 | 2,000,000.00 | 100.000 |

**Today's Exchange rate** : **1.00 IQD** Iraqi Dinar **=** **0.000685 USD** United States Dollars

## COMPANY DIRECTORS

1

| Name | : Mr. Ahmed Karim |
|---|---|

## INTERNATIONAL TRADE - Activity & Markets

| Country / Region | Estimated level of importance | Trading Activity |
|---|---|---|
| Middle-East | Medium | Importing |
| Turkey | Medium | Importing |

## REAL ESTATE OWNERSHIP

The following property / ies are owned by ISTAR CO :

| Property Name | : ISTAR CO - ERBIL, KURDISTAN |
|---|---|
| Type of Property | : Office & Administration |

Address                    : Nishtiman Bazaar, Erbil, Kurdistan

*** End of Report on ISTAR CO ***

# EXHIBIT 2

# Civil Actions Law

## No. (83) for the Year 1969

**In the Name of the People,**

**The Republic Presidency,**

**Pursuant to Article (50) of the Temporary Constitution, and in accordance with what was presented by the Minister Justice, approved by the Council of Ministers and endorsed by the Council of Revolution Command, the following law is issued:**

## General Provisions

**Article (1)**
This law shall be the reference for all action and procedures laws, save for any stipulation therein that explicitly contradict with the provisions of this law.

**Article (2)**
A lawsuit is the act of claiming of a right by one person from another person before courts.

**Article (3)**
Each of the litigants shall possess the necessary capacity to use/dispose of the rights subject matter of the suit. Otherwise a legal substitute shall act on behalf of the litigant lacking capacity with regards to the use of such rights.

**Article (4)**
The defendant is the party whose confession of a right shall result in a judgment that recognizes such a confession; and if the plaintiff was successful in proving his claim, then the defendant shall be the judgment debtor or shall bear a certain obligation. Nevertheless, legal proceedings may be brought against the custodian, in connection with the minor's property, the guardian in connection with person under guardianship, the curator in connection with the absentee, and the trustee in connection with a mort main (Waqef). Further, legal proceedings may be brought against whom is considered by the law as a true counterpart, even in cases where the confession thereof is given no legal effect.

**Article (5)**
Any of the heirs may act as a counterpart (litigant) in any suit filed for or against the diseased. However, the counterpart in relation to a particular property in the estate shall be the heir who has acquired such a property.

**Article (6)**
In a suit, the plaintiff shall have a defined, mature, attainable and certain interest. However, potential interest shall suffice where there is a fear from a damage that can be sustained by the concerned persons. Also, a postponed right may be claimed for, provided that the date of maturity shall be taken in consideration when such right is adjudged, and the suit's expenses shall be borne by the plaintiff.

1

**Article (7)**
The objective of a suit is allowed to be the establishment of a denied right, the use of which is not penalized, or to conduct investigations the aim of which is to avert a future or a potential dispute.

**Article (8) The Plea**
1- The plea is a challenge presented by the defendant to rebut the plaintiff's claim, whether in whole or in part.

2- The plea shall be subject to the same provisions applicable on lawsuits, and shall have a direct bond / relation with the original suit.

3- If such a bond was only related to the result of the suit, then the plea shall be considered a counter/cross claim (as in the case of set off suit).

**Article (9) Contradiction**
1- Contradiction is a statement made by the plaintiff that causes his claim to be null and void.

2- Contradiction shall ban the claim or the plea from judicial consideration. However, contradiction shall be removed by the counterpart's consent (approval), reconciliation, or if the falseness of the contradicting statement was established by the court.

3- Contradiction shall be condoned if it was indiscernible, or based on an acceptable excuse/justification furnished by the plaintiff.

**Article (10) Suits of Debt and Specific Property**
1- If the subject matter of the suit is a personal right, then it shall be a personal or a debt suit. However, if the subject matter was a right **in rem**, then it shall be an **in-rem** suit.

2- If the purpose of the in-rem suit on a real-estate was to establish the ownership of a right in-rem, then the suit shall be a suit for title. However, if the purpose was only to establish the state of possession, then it shall be a possession suit.

**Article (11) Possession Suits**
Possession suits are:
1- Re-possession suits. Such a suit pre-requires an incident of dispossession.

2- End of intrusion suit. Such a suit pre-requires an incident of interference into possession (that has not reached the level of dispossession).

3- Injunction suit. Such a suit pre-requires an incident of interference into possession, through new un-finished acts, in a manner that jeopardizes the possession.

**Article (12)**
1- The plaintiff may not join between a possession suit and a claim for title, otherwise his claim for possession shall be disregarded.

2- In possession suits the plaintiff's claim for title shall not be heard unless he withdraws the possession suit.

2

3- The Possession suit may not be heard if was filed by the party who failed his claim for title. However, the title suit may be filed by the party who failed his possession suit.

4- The possession suit shall not be resolved in view of proving or disproving the right in title/ownership. The judgment in such a suit shall be rather issued upon the fulfillment of its particular requirements.

## Article (13) Judicial Notifications

1- The notification duties shall be conducted by summoners, and may be undertaken by policemen, or by any other parties designated by the Minister of Justice  according to the Instructions issued by the latter for this purpose. With the permission of the judge commissair, the notification can be also conducted through an official letter issued by the court and sent through returned recorded mail, except for the notification of the pleading and the judgment.

2- If the notification's address was located outside the court's territory/jurisdiction, then the notification's notice shall be transferred from the court to which the suit was filed, to the court wherein such place/address is located, so the latter may carry out the notification process. However, the notification may be conducted by the summoner of the court to which the suit was filed, if the notification address was located within the boundaries of the council of the capital city or the municipality within whose territory the court is located.

3- The signature of receipt of notification by the other litigant ( the one to be notified), or his attorney, on the notification sheet before the officer in charge shall be deemed as a proper notification of the notice in question.

## Article (14)

1- Notification via mail shall be conducted by the court by putting the notification's memo  in an envelope titled (Judicial Post).  Such an envelope shall indicate the suit number, its contents, the date, and the signature of the prime clerk. The letter (envelope) shall be lodged in the post office no later than the following day, and shall be posted via returned recorded mail.

2- The postman shall hand the envelope to the addressee or, in his place of residence, to his wife (spouse), his relatives, his in-law relatives who live with him, his adult employees, servants or to his legal representative.

3- If the aforesaid parties declined to take receipt of the envelope or to sign against receipt thereof, or if non of them was able to sign off, then the postman shall indicate such incident in the delivery receipt, the envelope and in the records/notebook designated for that purpose and shall return the envelope to the court and the memo  shall be deemed duly notified.

4- If the person to be notified was absent, has no known place of residence, or has moved out to another place, or if the address was found to be false, then the postman shall write down such a fact in the delivery receipt, the envelope and in the records/notebook designated for that purpose and shall return the envelope to the court.

## Article (15)

The memo  to be notified shall be drafted in two copies or more.  One of copies shall be handed to the person to be notified.  The other copy shall be returned to the court and shall be kept in the suit's file after fulfillment of the notification process.

**Article (16)**

The memo  to be notified shall include the following information:

1- The suit number, the hour, and the date of the notification (day, month, year).

2- The name of the notification's applicant, his title, surname, job/profession, domicile and, if unknown, his last domicile.

3- The name of the summoner in charge and his signature.

4- The name of the person who received the memo 's copy, his capacity and signature on the original, or, as the case may be, indicating his decline to sign off.

5- The competent court and the day and time specified for attendance.

**Article (17)**

Notifications may not be conducted before sunrise or after sunset, or in official holidays, unless such was permitted in writing by the court. Such permission shall be indicated in original copy of the memo to be notified.

**Article (18)**

The memo  to be notified may be handed to the concerned person himself wherever he was found outside his place of residence. It also may be delivered in his place of residence to his spouse, relatives and in-law relatives living with him, or to his adult servants, or to his employees in his workplace.

**Article (19)**

When delivering the memo  to the concerned person, he shall affix his signature , stamp, or thumb print, and acknowledgment of receipt, on the original copy of the memo - which shall be also signed off by the summoner in charge indicating the time and date of notification.

**Article (20)**

1- If the concerned person refused to take receipt of the memo , or, as the case may be, by those eligible to be notified, then the summoner in charge shall cause /ask two persons to witness such a refusal.  The summoner shall document such a refusal in writing, indicating the time, date, and place thereof, and shall cause two witnesses of known identities to sign thereon.

2- If the refusal to take receipt of the notification has taken place in the place of residence or in the workplace, then the summoner shall post/put up a copy of the memo  on the door of such a place, and indicate this incident in the notification sheet.

**Article (21)**

Subject to the provisions of special laws, the memo  to be notified shall be handed/delivered as follows:

1- If upon inquiring from a relevant party the court ascertains that the person to be notified has no known accommodation or place of residence, and the same was not present, then he shall be notified via announcement in two daily newspapers distributed within the court's jurisdiction, or the nearest area thereto in case there was no newspapers in the court's territory.  The date of

4

the latter announcement in one of the two newspapers shall be deemed the date of notification. In addition to the foregoing, the notification may be broadcasted by radio and other mass media.

2- If the person to be notified has specified a place for notification, or provided an address thereof in the contracts and documents relating to the suit, and it was found, in the course of notification, that he has moved out to another place, then the summoner shall writ down such a fact, and have it endorsed by the area's mayor or his legal deputy.  The summoner shall return the memo  to the court to conduct notification according to the new statement submitted by the notification applicant, if the address to which the person to be notified has moved was found; otherwise the provisions of paragraph (1) shall apply.

### 3-   (THERE IS NO NUMBER THREE).

4- If the person to be notified was an attorney/representative pursuant to an official document, then he may be notified if he consents to take receipt of the notification's memo .  The said attorney shall be obliged to take receipt of the notification if he has applied his power of attorney in the suit in relation to which the notification is required to be conducted.  In this case, the attorney's domicile shall be used for notification of the memo s/documents necessary for the carrying out of the suit (at all of the litigation stages), unless otherwise stipulated in the power of attorney.

5- If the party to be notified was an official or semi-official corporation, then the notification's memo  shall be sent thereto by the "**hand book/pad"** or registered mail.  The date recorded in the hand book shall be deemed the date of the notification.

6- If the party to be notified was the Ministry of Defense, or any official or semi-official department connected thereto, then the memo  shall be sent thereto by the hand book or registered mail. The date of the addressee's or his deputy's, signature on the notification sheet shall be considered the date of notification.

7- If the party to be notified was a commercial or civil company, then the memo  shall be delivered in the company's head quarter to its manager or one of the shareholders, as the case may be, or to one of the employees therein. If the company has no head quarter, then the memo  shall be delivered to the company's manager, or to one of the shareholders, whether in person or in his place of residence or workplace.

8- If a society, a private corporation, or a juridical entity, then the memo shall be delivered in its headquarter to its representative indicated in its Articles of Association, or to the person acting on his behalf.  If the concerned entity/corporation has no headquarters, then the memo  shall be handed to its representative, whether in person or in his place of residence.

9- If the party to be notified was a foreign company that has a branch or an agent in the Republic of Iraq, then the memo shall be handed to such a branch, agent or commercial representative.

10-  If the party to be notified was  a prisoner or a detainee, then the notification shall be conducted through the prison's commander or the person acting on his behalf.

## Article (22)
1- If the place of residence of the person to be notified was within the town, where the court is located, then the first notification shall be conducted at least (3) days prior to the date determined for the action.

5

    2- Extra one day shall be added to the original period for each 50 km. distance between the place of residence and the court's location.

**Article (23)**

If the person to be notified was residing in a foreign country, then the prime judge (head of the court) shall request from the Minister of Justice to notify the concerned person through diplomatic channels according to the applicable rules, unless according to an international convention the case at hand was subject to a particular method of notification. In this case extra period shall be added to the original period (considering the distance) as follows (even if the concerned person had a resident agent in Iraq):

    1- One month for people residing in any of the Arab States or in Turkey or in Iran.

    2- Two month for people residing in any other country.

**Article (24) (DOES NOT EXIST)**

**Article (25)**

    1- The periods determined in months shall be calculated from the day of its commencement until the corresponding day in the following months. The day and hour by which the period starts to lapse shall be considered as part thereof, as opposed to the hour and the day in which the period expires.

    2- If the period ends in an official holiday, then it shall be extended to the following business day.

**Article (26)**

The foregoing provisions shall apply with respect to the notification of the suit's pleading and its attachments, exchanged memos, written notifications and notices, and in all other judicial papers that need to be notified.

**Article (27) (DOES NOT EXIST)**

**Article (28)**

The court may by an unchallengeable decision penalize the summoner with a fine not less than (3) Dinars and not exceeding 10 Dinars if the voidance (of a procedure) was attributed to his negligence.

**Book One**

**Litigation before Courts**

**Part One**

**Jurisdiction**

**Chapter One**

**Functional Jurisdiction**

**Article (29)**
The Jurisdiction of civil courts shall cover all natural and juridical persons, including the government. Such courts shall have the competence to hear all kind of disputes, save for disputes that were excluded by a special provision.

**Article (30)**
No court may refrain from resolving a dispute on the pretext that the relevant law is ambiguous, insufficient or in consistent, otherwise the judge commissair shall be considered as denying justice.

# Chapter Two

## Jurisdiction in Subject Matter and value

**Article (31)**
The magisterial courts shall have the competence/authority to resolve the following type of suits, whereby its judgment is challengeable by way of cassation :

1- Debt and movable property suits the value of which do not exceed (500) five hundred Dinars .

2- Suits for end of joint ownership in real-estates or movable property, irrespective of its value.

3- Leased property suits irrespective of the value of the rent.

4- Possession suits, and claims of damages relating thereto( provided filed in association therewith, and the value of the damages does not exceed (500) five hundred Dinars ).

5- Claims of due installments provided that the amount thereof does not exceed five hundred Dinars , and the claim for the remainder of a debt provided not exceeding five hundred Dinars . However, if the proceedings were geared towards establishing the principle debt, which exceeds the said amount, then the suit shall be transferred to the competent court of first instance and the fees shall be retained.

6- Other types of suits that fall under the jurisdiction of the magisterial courts according to the law.

**Article (32)**

1- the Jurisdiction of the court of first instance shall cover all suits the value of which exceeds 500 Dinars , the suit subject to lump sum fees, the suit of the value of which can not be estimated, and all other types of suits that do not fall under the jurisdiction of the magisterial religious courts.  The judgment of the court of first instance shall be challengeable before the court of appeal according to Article (185) of this law, otherwise its judgment shall be only challengeable by way of  cassation.

2- Bankruptcy suits and suits arising from bankruptcy according to the commerce law shall fall under the jurisdiction of the court of first instance.

3- Liquidation of companies suits and suites arising from liquidation according to the companies law shall fall under the jurisdiction of the court of first instance.

**Article (33)**

The jurisdiction of the court of first instance cover summary matters, that need to be resolved before it is too late, without touching upon the core of the dispute.  It shall also cover matters relating to personal status for non-Muslims and the foreigners whose personal status is subject to civil law.  In such suits the judgment of the first instance court shall be of final degree and challengeable only by way of cassation.

**Article (34)**

The court of appeal is competent to hear appeals against judgments of first degree issued by courts of first instance, in addition to other matters stipulated in the law.

**Article (35)**

The court of cassation is competent to hear appeals against judgments issued by the courts of appeal, the courts of first instance, and the magisterial and religious courts, in addition to matters determined by the law.

## Chapter Three

## Territorial Jurisdiction

**Article (36)**

The suit, if related to a right in rem, shall be filed to the court wherein the real-estate is located.

**Article (37)**

1- Suits of debt or movable property shall be filed to the court wherein the defendant's domicile or the headquarter of his transactions,  the place where the commitment was established, the place specified for the implementation of the commitment, or the place chosen by the parties for the purpose of litigation is located.

2- If there was more than one defendant vis-à-vis one claim (or a number of connected claims), then the suit shall be filed to the court of the place of residency of any of the defendants.

**Article (38)**
    1- Suits relating to juridical entities, whether operating or under liquidation, shall be filed to the court in which jurisdiction the headquarter of such entity is located.

    2- If the suit was relating to a transaction with a branch of the juridical entity, then it may be filed either to the court of the headquarter or the court where the said branch is located.

**Article (39)**
    1- Bankruptcy suits and suits arising from bankruptcy shall be filed to the court of the bankrupt's shop/store.  If the bankrupt had more than one shop, then the suit shall be filed to the court of the shop that represents the headquarter of the bankrupt's business.

    2- If the trader dies or quits trade, then the suit shall be filed to the court of the defendant's domicile.

**Article (40)**
The claim of the suit's expenses and judicial fees shall be filed to the court which has resolved the suit, even if such claim was not originally within the jurisdiction of such court.  The foregoing provisions shall not apply on criminal, appellate and cassation courts.

**Article (41)**
If the defendant has no domicile or residence in Iraq, then the suit shall be filed to the court of the plaintiff's domicile or residence.  If the plaintiff has no domicile or residence in Iraq then the suit shall be filed to the courts of Baghdad.

**Article (42)**
The foregoing provisions shall apply in relation to application of provisional attachment/seizure and summary measures and procedures.

**Article (43)**
The territorial jurisdiction shall be determined in view of the administrative divisions of the country.

**Article (44)**
    1- The lawsuit shall be filed through a pleading.

    2- The claim of a right in rem in more than one real-estate may be filed through one pleading provided that there shall a unity in defendants, and in the reason of the claim.

    3- A claim for a number of personal rights and rights in rem relating to a movable property can be filed through one pleading.

    4- The pleading may contain requests/demands that complementary to the suit, or resulting or diverging therefrom.

    5- If there was a number of plaintiffs and they were united or connected in their claim, then they may file their suit in one pleading.

**Article (45)**
The suit shall be estimated in view of the value of the main claim/demand on the date the pleading was lodged, regardless of the amount of interest, expenses or other debt attachments, that have, or will become due.

**Article (46)**
The suit's pleading shall contain the following information:

1- The name of the court to which the pleading is filed.

2- The date of the pleading.

3- The name, surname, occupation and the place of residence of the plaintiff and the defendant. If the defendant has no known place of residence then the pleading shall indicate his last place of residence.

4- The place chosen by plaintiff for the purpose of notification.

5- A statement of the suit's subject matter.  If such was a movable property then there shall be a statement of its nature, type, value, and descriptions.  If the subject matter of the suit was a real-estate, then there shall be a statement of  its location, boundaries or its location, number, and serial number.

6-  The case's facts and evidences and the plaintiff's claims/demands and the grounds thereof.

7- The signature of the plaintiff, or of his attorney if he was duly authorized by an instrument ratified by a competent authority.

**Article (47)**
 The plaintiff shall attach with his pleading a number of copies thereof, that is equivalent to the number of the defendants, and a list of his corroborating documents and copies thereof.  Each of such copies shall be signed by the plaintiff or his attorney indicating that they are true copies.  The court shall notify the defendant(s) with the foregoing.

**Article (48)**
The pleading shall be marked on by the judge commissair.  The date of the hearing session shall be determined after the prime clerk has collected the judicial fees and registered the pleading in the same day in the special register in a chronological order, and stamped the same indicating the date of its registration.  The plaintiff shall be given a receipt signed by the prime clerk acknowledging receipt of the pleading and its attachments.  Such a receipt shall indicate the suit's number, the date of its registration and the date of the first session.  The plaintiff shall sign on the pleading to acknowledge taking notice of the action's date.

**Article (49)**
1- After specifying the date of the first session and fulfilling the foregoing procedures, a copy of the suit's pleading and its attachments and memos shall be notified, via the court, to the defendant, along with an invitation/summon to attend before court, all in one notification notice (of two copies).  The notification notice shall indicate the suit's number, the documents to be notified, the name and surname of each litigant, and his place of residence, the name of the

court and the judge commissair and date when the notice was drafted.  The notification notice shall be stamped by the court's stamp, and a copy thereof shall be delivered to the defendant / the other litigant, and the other copy shall be filed in the suit's file.

2- The notified litigant shall respond to the suit's pleading, after the date of notification and before the date of the first session.

**Article (50)**

If any of the information required in the suit's pleading was missing or erroneous whereby it was lack of adequate/clear statement of the plaintiff or the defendant, or of the address chosen for notification, and thus the required notification was not doable, then the plaintiff shall be required to rectify the defective information within an appropriate period, otherwise the pleading shall be deemed null according to a decision by the court.

# Part Three

# Attendance and Absence of Litigants

# Chapter one

# Attendance

**Article  (51)**

1- In the day specified for action the court shall make sure that notifications are duly completed and litigants hold proper capacity. The litigants may attend before the court by themselves or through their attorneys. The court may in magistrate, religious and civil affairs suits, accept the litigants to be represented by their spouses, children, brothers in law or relatives until the fourth degree. Such representatives may also resort to the methods to challenge judgments that were issued in these suits through a power of attorney ratified by the notary public of the country to which the suit was filed. The person who represents others in his capacity as a custodian, guardian or curator shall also have this right.

2- In the suits other than those in which the Law of Legal Practice requires a lawyer to handle the case, the official and semi-official departments may give a proxy to whom who represents the same of its officers that hold a degree in law through a power of attorney ratified by the relevant Minister or head of the department.

**Article  (52)**

1- Save in cases where the power of attorney instrument stipulates otherwise, and where the law requires a special authorization, the power of attorney pertaining to a judicial dispute shall entitle the attorney to conduct procedures and actions that preserve the rights of the principle, to file suits and plead therein until it is resolved, and to resort to the legal methods of appeal.

2- General and absolute power of attorney does not entitle the general attorney without holding a special authorization the right to confess a right or to waive the same, reconciliation, arbitration, sale, rent, pledge, collection of money, donate funds, put into oath or return or decline the same, request recusel of judges or to file complaints against them, to exercise personal rights, to enter

into any kind of for-consideration contracts, or to conduct any other kind of acts for which the law requires a special authorization.

## Article (53)

1- The attorney may quit provided that he shall notify the principle with his resignation. The attorney may not resign his position in an inappropriate time ( according to the court's discretion).

2- Resignation of the attorney or his discharge shall not preclude proceedings to be pursued against him, unless the court was notified in writing with such registration or discharge, and that a replacement thereof has been appointed, or that the principle will carry on the proceedings by himself.

## Article (54)

1- The suit shall be abandoned if the parties agreed to reconsider their dispute, or if they fail to attend up before the court despite that the plaintiff or both parties were duly notified. If the suit remains abandoned for (30) days and neither the plaintiff nor the defendant pursued the proceedings, then the court shall decided to nullify the pleading.

2- If the suit after it was abandoned for reconsideration and before the elapse of the (30) days was renewed, then it shall be resumed from the point at which it has stopped.

3- If for the second time the parties failed to attend, then the court shall not abandon the suit but shall decide to nullify the pleading.

4- Nullification of the pleading does not preclude the suit to be filed again.

## Article (55)

1- The action shall be considered in-presence if the litigant attended in any session, even if he was absent in the remaining/other sessions.

2- The court may accept to involve the absent party before the end of the suit's proceedings.

## Article (56)

1- If the plaintiff attended and the defendant failed to attend despite that he was duly notified then the action/proceedings shall be conducted in his absence and the court shall adjudicate the case if it was eligible for judgment. If the case was not ready to be adjudicated then it shall be adjourned until it is duly and completely evidenced/established.

2- If the plaintiff fails to attend and the defendant attends then the latter may request either the pleading to be dismissed, or to consider his defense in the suit (in absence). In the latter case the court shall adjudicate the case in the manner it deems consistent with the law.

## Article (57)

If the pleading was dismissed according to the provisions of Paragraph (2) of Article (56) of this law, then the court shall rule that the defendant's attorney to receive one – third of the legal fees contemplated by the law.

# Part Four

## Sessions Order and Hearing of the Lawsuit

**Article  (58)**

1- In the first session attended by the litigants, the court shall request each of them to advise his chosen address/place for the purpose of notifications. This procedure shall be also adhered to when hearing any challenge or appeal.

2- Such an address shall be valid for notifying all papers necessary for the suit proceedings at all stages of litigation, unless the court and the other party were notified with the change of such an address.

**Article  (59)**

1- The litigants shall submit their pleadings and evidences prior to the first session of the action, or in the periods specified by the court. The court may refuse the said submissions if made thereafter without a legitimate justification. The court may also seek clarification from the litigants with regards to issues that the court may find ambiguous, or if it consider that the sought clarification would serve deciding on the case at hand.

2- The parties may in the exchanged pleadings or in the session may change or reduce their claims or pleas, provided not to alter the subject matter of the suit.

3- Save in the case of contingent suits, the parties may not add to the subject matter of the original suit.

**Article  (60)**

1- The court shall hear the plaintiff first then the defendant. The court may conduct that process repeatedly, and the defendant shall be the last one to speak.

2- The court shall record the statements of the parties in the session's minutes unless they where a repetition of what they have stated in their pleadings. The minutes shall be signed on by the judge or the judge commissair, the court's clerk, and the litigants or their attorneys, and shall be kept in the suit's file. The minutes may be recited in the action upon the request of either party.

**Article  (61)**

1- The action shall be in public unless the court deems, in its own initiative, or upon a request by one of the parties to make the session restricted/private in order to preserve the public order or to observe morality or family secrets.

2- The litigants statements shall be heard in the course of the action, and they shall not be interrupted unless they deviate from the suit's subject matter, violated the session's order, insult one another or defame / slander a third party.

**Article  (62)**

1- The court may postpone the session if such was entailed by the circumstances, or to acquire documents or records from official departments. When necessary the court may order such

documents or true copies thereof to be sent to it even if the applicable laws and regulations disallow viewing or handing of such documents.

2- The court may not postpone the session except for a legitimate reason and for not more than once for each reason, unless the court considers otherwise to favor the proper function of justice.

3- Postponement shall be for a period not exceeding (20) days unless necessity entails otherwise.

4- The Litigant who has requested the postponement and was absent in the action, shall turn into the court to get a notice of the date to which the session was postponed. In all cases, such litigant shall be deemed as notified with such a date without the need to issue him a notification notice.

**Article  (63)**
1- Control and administration of a session shall be entrusted with its chair. For that purpose the chair may send out from the court's room any one who violates the session's order. If such a person refused to obey the court's order or was in contempt of court, then the court may immediately sentence the same with imprisonment for (24) hours, or a fine not exceeding (10) Dinars. The judgment in this case shall be final without prejudice of the provisions of other laws.

2- The court prior to the end of the court's office hours may withdraw/cancel its judgment, which was made pursuant to the provision of the preceding Paragraph.

**Article  (64)**
The court shall order minutes to be laid down to indicate each offense taking place during the session, and the investigative measures that the court may order  to be conducted in that respect. If the offense amounts to a felony or a misdemeanor, the  court may order to immediately arrest / apprehend the perpetrator.

**Article  (65)**
The court may in its own initiative decide to cross out from the pleadings or any of the action's papers any offensive or immoral statements and those that are counter to the public order.

# Part Five

# Contingent Suits

**Article  (66)**
A new case may be lodged in the course of hearing the original suit. If such new case was filed by the plaintiff then is shall be a (consolidated case); if the case was filed by the defendant, then it shall be a (cross/counter claim).

**Article  (67)**
It shall be considered as a contingent case what the plaintiff files to compliment the original claim, and what result from the original case, or is related thereto in an inseparable manner, whereby the judgment issued in connection with one of them would influence judgment to be issued in the other case.

**Article (68)**

The defendant may submit counter claims including set-off or any other type of claim that is inseparably related to the original case.

**Article (69)**

1- Any person of interest may request to be engaged in the suit as a third party, whether to join one of the suit's litigants or to independently apply for a judgment in his favor. Such a person shall be connected to the suit or to one of the litigants therein (whether in a joint liability or in a separable commitment) or if the judgment in the suit was thought to affect the same.

2- Each litigant may request the court to engage a person holding a proper capacity that would have enabled him to be a litigant in the case at the time it was filed, or to preserve the right of both litigants or of one of them.

3- The court shall summon; the bailor and bailee when hearing the bailment case against the bailee, the borrower and lender when hearing the case of the borrowed object against the borrower, the lessee and lessor when hearing the case pertaining to the leased property against the lessee, the pledger and pledgee when hearing the case of pledged property against the pledgee, and the extorter and the extortee when viewing the case regarding the extorted property against the extorter.

4- The court may invite any person to seek clarification therefrom in respect of any matter necessary to resolve the case.

**Article (70)**

1- The contingent/ new suit shall be filed prior to the conclusion of the action through a pleading that shall be notified to the other litigant. Such a contingent claim may be presented to the court verbally in the session attended by the other litigants. Engagement of a third party shall be considered a contingent case, and such third party shall be considered a party in the suit and the judgment shall be made in or against his favor.

2- If the contingent case contained a request to make a judgment in the favor of one of the litigants against a third party, or in favor of a third party against both litigants or one of them, then the fees due on the case shall be paid in all cases. The judgment in such a case shall be challengeable by the judgment debtor.

**Article (71)**

Either litigant may object to the engagement of a third party in the suit. If the court considers that such engagement is not based on a viable interest, and is only meant to delay resolving the action, then the court shall decide to reject to engage a third party, and shall continue to pursue the suit's proceedings.

**Article (72)**

1- The court shall to the extent possible resolve the contingent and the original suits together and at one time, provided that the court shall not transgress its competence.

2- If the court was not able to adjudicate the two suits together and adjudicating the original case was reliant on resolving the contingent one, then the court shall first resolve the contingent suit and thereafter adjudicate the original case.

# Part Six

# Pleas

**Article  (73)**

    1-  The plea that aims to establish the voidance of the notification of the pleading or other papers shall be raised before the submission of any other plea or claim, otherwise the right to such a plea shall terminate. The court shall consider/resolve the said plea prior to engaging/discussing the substance of the suit.

    2-  The plea in question shall be indicated in the objection or appeal pleading, otherwise the right to it shall terminate.

    3-  Voidance of the notification process shall be cured if the person that need to be notified or his legal representative attends in the specified date of the session.

**Article  (74)**

The plea challenging the territorial competence of the court shall be also submitted prior to discussing the substance of the suit, otherwise the right to it shall terminate.

**Article  (75)**

If it becomes evident to the court that the suit is connected to another that was previously filed to another court, then it may decide to consolidate the two suits, and send the suit's file to the other court. The decision of the other court to reject consolidation shall be challengeable before the court of cassation.

**Article  (76)**

    1-  A single case may not be filed in more than one court. However, if so happened then the pleading of the suit which was first raised shall be admitted and the other pleadings shall be disregarded .

    2-  the court may decide to consolidate the two suits if the other one was filed before the same court.

**Article  (77)**

The court in its own initiative shall decide its non-competence considering the type or value of the suit. However, such a plea may be raised at any stage of the suit's proceedings.

**Article  (78)**

If the court decided that it has no territorial or value jurisdiction over the case, then it shall transfer the suit to the competent court and keep the paid judicial fees.

**Article  (79)**

If the court to which the suit was transferred, found that it has no jurisdiction to hear such a suit, then its decision to that effect shall be challengeable before the court of cassation.

**Article  (80)**

    1-  If the dispute has no clear "direction" then the court shall, even in its own initiative, dismiss the suit without considering its substance.

2-  A litigant may raise such a plea at any stage of the suit's proceedings.

**Article  (81)**

The plea that the suit may not be heard on the ground that it has been already resolved by a final judgment, may be raised at any stage of the suit's proceedings. The court may address such a matter upon a request by a relevant party or in its own initiative.

# Part Seven

## Contingencies on Lawsuits

## Chapter One

## Stay of the Action (Proceedings)

**Article (82)**

1-  Stay of a lawsuit may be decided if the litigants therein have agreed not to proceed therewith for a period not exceeding 3 Months from the date of the court's approval of their agreement.

2-  If non of the litigants has pursued the suit within 15 days following the expiry of the said period, then the suit's pleading shall become null by operation of law.

**Article (83)**

1-  If the court considers that issuance of a judgment is reliant on resolving another matter, then it may decide stay of a action (proceedings) and suspend the lawsuit until such matter is resolved, whereupon the court resumes / pursues the proceedings from the pre-suspension point. The court's decision (to suspend proceedings) may be challenged before the court of cassation.

2-  If due to the act or a mission of the plaintiff the stay of the lawsuit lasted six months, then the suit's pleading shall become null by operation of law.

## Chapter Two

## Stoppage/Cessation of Action

**Article (84)**

Unless the suit is ready for judgment in its subject matter, suit proceedings shall stop/cease if any of the litigants has died or lost his capacity of litigation, or if the person acting on his behalf (in the suit) has ceased to possess such a capacity (to act on be half of the litigant).

**Article (85)**

The death of the attorney or termination of his power of attorney, whether by way of discharge, or resignation/ retirement, may not entail stoppage of suit.  In such a case the court may grant the respective litigant a reasonable respite and notify him therewith.

**Article (86)**

1- The court shall proceed with the lawsuit by notifying the ***legal substitute*** of the litigant to whom stoppage is attributed. Such notification shall be made by the court in its own initiative, or upon a request by the other litigant or the legal substitute.

2- Further, the court shall resume the proceedings if the deceased heir, or the legal substitute of the litigant who lost his capacity of litigation or of the person who lost his capacity to represent the respective litigant, as the case may be, has attended the court session and pursued the suit.

3- Stoppage of a lawsuit shall suspend lapsing of all legal periods against litigants, and cause nullity of all procedures conducted during such stoppage period.

**Article (87)**

If the stoppage of a lawsuit continued for a period of six months without any acceptable justification, and the suit was not pursued daring such a period, then the suit's pleading shall become null by operation of law.

# Chapter Three

## Waiver and Dismissal/Cancellation of the Pleading

**Article (88)**

1- The plaintiff may request dismissal/ **cancellation** of the suite's pleading unless it was ready for judgment.

2- Such request shall be made by a petition to the court.  The plaintiff shall recite the said request (petition) before the court and request the same to be notified to the other litigant. He may also request dismissal of the suite's pleading by way of confession in the session which shall be recorded in the session's minutes.

3- The defendant may not object to such a request unless he had submitted a plea that is thought to cause dismissal of the case/suit.

4- Cancellation of the suit pleading renders the same as if it has never existed.

5- Cancellation of the pleading decision shall be challengeable before the court of cassation.

**Article (89)**

If in the course of a lawsuit a litigant has waived his right to an action/procedure or any document of the Action, then such shall be considered as it has never existed.

**Article (90)**

Waiver of a judgment shall include waiver of the right enshrined therein.

# Part Eight

## Recusel of Judges and Commissars

**Article (91)**

The judge commissair or the judge is not allowed to hear the suit/case in the following cases:

1- If he was a spouse, a son in law, or a relative until the fourth degree to one of the litigants.

2- If there was a current court dispute between himself, his spouse, any of his children or of his parents with one of the litigants, his spouse, one of his children or one of his parents.

3- If he was an attorney, agent, custodian, guardian, an apparent heir to one of the litigants or if he has an in-law kinship or relationship until the fourth degree with one of the litigants, or his attorney, custodian or guardian, or with a member in the board of directors of the company that is a party in the suit, or with a director/ manager in such a company.

4- If there was an interest in the suit to himself, his spouse, his ancestors or their spouses, his descendants or their spouses, or for whom he acts as a custodian or a guardian.

5- If he has given previously an opinion in the suit or represented one if the litigants therein or if he was involved in the suit as a judge commissair, an expert, or an arbitrator, or if he has made /delivered a testimony therein

**Article (92)**

If the judge commissair or the judge has heard the suit despite the existence of one of the above mentioned grounds of recusel, and conducted any proceedings in the suit or issued a judgment therein, then such a judgment shall be rescind or repealed and such proceedings shall be cancelled.

**Article (93)**

The judge or the judge commissair may not be recused for the following reasons:

1- If one of the litigants was his employee or he was used to dine or live with one of the litigants, of if he has received a gift therefrom shortly before or after the suit was lodged .

2- If there was enmity or friendship between him and one of the litigants, whereby it is unlikely for him to preserve his impartiality.

3- If he has given a premature opinion in the respective case.

**Article (94)**

If the judge or the judge commissair felt embarrassed, for any reason, to hear the suit he may request/ ask the prime judge of the court to be exempted form handling the same.

**Article (95)**

1- The request for (recusel) shall be submitted prior to commencing the subject matter of the suit, otherwise it shall not be accepted.

2- However, the request for recusel may be submitted there after if any of its grounds come to exist, or if the concerned party has proved that he was unaware of the existence of such grounds.

**Article (96)**

1- The recusel request shall be submitted by a pleading to the judge, the judge commissair, or the head judge of the panel, as the case may be.

2- The request shall indicate the bases of recusel.  The substantiating documents in the possession of the applicant shall be attached to such request.  Upon submission of the recusel request the relevant judge or judge commissair shall cease to hear the suit until the request is decided on and resolved.

3- The judge or the judge commissair, whose recusel was requested, shall respond in writing to the request's facts and grounds within (3) days from the day following the date of submitting the request.  The documents shall be sent to the court of cassation to decide on the request as a summary matter.  If the court of cassation decided to recuse the judge then it shall appoint a replacement thereof.  If the court of cassation decided to dismiss the request, then the judge, or the judge commissair shall resume in hearing/ handling the case.

4- If the court decided to dismiss the request, then it shall penalize the applicant with a fine of not less than (10) Dinars  and not more than (100) Dinars.

5- If the applicant, whose request was dismissed, submitted another request to recuse the same judge or the judge commissair in the same lawsuit, then such shall continue to handle the case, and shall transfer the request along with his response to it to the court of cassation to decide thereon.  If the court decided to dismiss the request, then it shall impose fine not less than double the fine that was imposed in the first time, even if such has exceeded the maximum amount stipulated in paragraph (4) of this Article.

**Article (97)**

The lawsuit may be transferred from one court to another court by a decision by the court of cassation, if the constitution/formation of the court was not attainable for legal reasons, or if it was considered that hearing the suit may entail security problems, or for any other reason that the court of cassation may deem valid.

# Part Nine

# Procedures of Proof

# Chapter One

# General Provisions

**Article (98)**

1- The court, whether in its own initiative, or upon a request by either litigant, may decide to conduct any investigative procedures that it deems necessary. The facts that need to be established shall be relevant to the suit, productive, and acceptable.

2- Establishing the claims shall be conducted through the methods of evidence stipulated in the law.

3- The process of proof in religious cases shall be conducted through using the methods of evidence contemplated in the civil status law and the provisions of the Islamic Shari' a.

**Article (99)**

The judge commissair may not make his judgment according to his personal information which he gained outside his judicial mandate.

**Article (100)**

1- If due to an acceptable excuse, the litigant was not able to attend to the court's session in person (so as to be examined or swear the oath) , or the witness was not able to attend to the court to perform his testimony, then the court may decide to move to his place or deputize a member of its panel to do so, or to deputize the court in whose jurisdiction the place of the litigant or the witness is located.

2- The foregoing provisions shall apply in relation to inspecting assets or properties located outside the court's jurisdiction.  The court may inspect such property by itself or via an expert.

3- Minutes shall be organized for the aforementioned procedures.

**Article (101)**

1- The court via the Minister of Justice, may request from the Iraqi consulate , or the acting consulate to examine / interrogate the litigant or put him to oath, or to hear his testimony if such litigant was residing abroad.

2- In the countries where there is no Iraqi consulate, or an acting consulate, such procedures shall be conducted via the court wherein the litigant or the witness resides abroad if there was a judicial cooperation agreement between Iraq and the respective country that is based on reciprocity.

3- The court viewing the suit shall record the information concerning which the examination shall be conducted or the wording of the oath need to be sworn or the questions to be addressed to the witness.

# Chapter Two

## Confession, and Examination of Litigants

**Article  (102)**

1- The court in its own initiative or upon a request by a litigant may examine any of the litigants in presence or, if it deems necessary, order the same to attend before the court for the said purpose.

2- If the concerned litigant fails to attend without providing any excuse, then the court may elicit (from such a failure) an evidence to help the court to resolve the case.

**Article  (103)**

1- The court may examine the minor, who is in the discretion age, with regards to permitted matters.

2- The juridical persons may be examined by the court via their representatives.

# Chapter Three

## Evidence Documents and Establishing their Authenticity

**Article  (104)**

1- If the plaintiff presented a normal instrument to evidence his claim, then such instrument shall be presented to the defendant who may confess or deny his signature, stamp or thump print thereon.

2- In stead of  confessing or denying the heir may allege ignorance thereof;

3- If the defendant confessed the stamp but denied the act of stamping and there was evidence of circumstances that facilitated tampering with or misusing the stamp then the plaintiff shall be required to prove the act of stamping.

**Article  (105)**

If the plaintiff's evidence was a normal instrument attributed to the absent defendant who was notified with  a copy thereof, then based on that instrument the court shall rule in the plaintiff's favor.  If the defendant was not notified with a copy of the instrument then the suit shall be postponed in order to conduct such a notification.

**Article  (106)**

1- If the defendant confessed in the presented normal or notarized instrument but thereafter alleged that such confession was false, then he may put the plaintiff to oath that the confession was not false.

2- Such an allegation may not apply in connection with instruments organized by the notary public or confessions made before competent official entities, if the relevant litigant declared in such confessions the occurrence of the event/fact before the officer in charge.

**Article  (107)**

Denial of the hand writing, stamp, signature, or thumb print applies only to the non-official instruments and documents. However, the claim of forgery applies to all normal and official papers.

**Article  (108)**

If the litigant,  to whom the paper was attributed, denied his hand writing, signature, stamp, or thumb print thereon, or if such was denied by his legal representative, and if the heir alleged ignorance of such and the paper was productive/deceive in the case, then the court shall decide to apply the confrontation process, and all other investigations relating thereto, and deposit the paper at the court's treasury after recording its conditions, descriptions and signing the same by the judge commissair or the head of the panel.

**Article  (109)**

1- The court shall conduct the confrontation process by itself or (under its supervision) by one expert or more appointed by the court, unless they were selected by the agreement of the litigants.

2- The confrontation process shall be conducted in the presence of the parties. However such a procedure may be conducted in their absence should they fail to attend before the court.

3- The witness having knowledge of the paper and its content may be heard. However, their testimony shall be only sought in connection with establishing the incident of affixation of the signature, stamp, or the thump print on the paper. Further witness may also be heard if the features of the stamp or the signature in the paper were only partly legible.

4- The confrontation process pertaining to the thumb print shall be made at the official department in charge of finger prints and conducted by three experts under the supervision of the judge commissair of the head of said department.

5- The litigants may request the confrontation process to be re-conducted, provided furnishing a good reason to justify such a request.

**Article  (110)**

The confrontation process shall apply to papers that were agreed upon. Otherwise it shall apply to the hand writing signature, the stamp, and the thump print affixed on official or normal instruments if such were acknowledged by the defendant.  Further, this process shall apply to papers that were drafted before the court.

**Article  (111)**

The litigant disputing the imputation of the instrument thereto shall attend in person on the date set by the court to conduct the writing probe, to provide a sample of his handwriting, signature, or the thumb print. If such litigant failed to attend without any acceptable excuse, then imputation of instrument in question thereto may be adjudicated.

**Article  (112)**

1- If the confrontation process was conducted by an expert then minutes shall be organized for such, indicating the result of the test. Such minutes shall be signed by the expert and the

attended litigants, and shall be attested by the court or the deputized judge commissair.  A copy thereof shall be given to any of the litigants upon his request.

2- If the confrontation process was conducted by the court then the session's minutes shall indicate the result of the test.

## Article  (113)

If forgery of the instrument was alleged by one of the litigant, who requested such instrument to be investigated, and the court found viable indications/evidences to believe such an allegation, then the court shall answer such a request and order the alleger to provide a personal guarantee or a cash bond of an amount determined by the court. The court shall then decide to refer the litigants to the investigation commissair (prosecutor) to investigate the alleged forgery and act thereupon unless the party that has presented the instrument decided to withdraw the same.

## Article  (114)

The court shall cease to consider matters reliant on the result on the forgery investigations until this matter is resolved.

## Article  (115)

1- The instrument shall not be acted upon unless it is cleared from the doubt/ suspicion of forgery and fake.

2- The court shall evaluate to what extent the evidential power of an instrument is affected by any scratching out, crossing out , erase, or insertion.

3- If the authenticity of a paper was in doubt in the eyes of the court then the court may invite the officer who has issued such a paper, or the person who has drafted the same to inform the court with what is adequate to remove any ambiguity with respect to said paper.

# Chapter Four

# Testimony

## Article  (116)

If hearing of a witness was necessitated, then the litigant assigned to present the witness shall specify the facts sought to be proved thereby, and determine the names of the witnesses and set out their places of residence. The concerned litigant shall cause the witness to attend to the court session in the specified date, or he may request the witnesses to be summoned after paying to the court the amount that the court estimates to cover their transportation/mobility expenses.

## Article  (117)

1- The witness shall be summoned by a notification notice issued by the court at least (24) hours prior to the date specified for their examination (not including the distance period stipulated by the law).

2- The notification notice shall include the name of the witnesses and the place, date and time of attendance.

**Article  (118)**

1- If the witness was notified but failed to attend without an acceptable excuse, then he shall be sentenced with a fine not exceeding (10) Dinars, and the court may order to re-notify that witness. If such a witness failed again to attend before court, then the court may decide to double the amount of the fine, and order him to be brought before the court by the force of the police.

2- If the witness attended after he was fined and provided an acceptable justification for his previous failure to attend, then he shall be exempted from the fine.

3- The fine and exemption decisions are not challengeable.

**Article  (119)**

The court shall ask the witness about his name, profession, place of residence, the kind of his relationship with the litigants (whether it was marriage, kinship, employment or otherwise). The court shall then hear his testimony after putting him upon oath to say the truth and nothing but the truth. The testimony of each witness shall be delivered in the absence of the other witnesses not yet been heard.

**Article  (120)**

 Testimony shall be delivered verbally. Written notes may not be used without the permission of the court if such was necessitated by the nature of the case.

**Article  (121)**

1- The witness shall elaborate his statements by narration without any interruption by any of the litigants.

2- Should the witness is finished the court may address to him any questions that it deems helpful to discern the facts of the case.

3- The litigants may thereafter address questions to the witness via the court. the litigant who called him to witness shall start first.

4- The court may disallow addressing questions that are irrelevant to the subject matter of the suit.

5- The witness shall sign off on his statements/testimony. If such was not possible for any reason then the court shall record such an event.

**Article  (122)**

A mute person may deliver his testimony in writing or by customary sign if he was not able to write.

**Article  (123)**

If a lawyer, doctor, an agent, attorney, or another has happened to know facts or information by virtue of his profession or craft, then he may not divulge the same even after the end of his service or craft. However, he shall disclose such information if he was called to witness by the person who has informed him therewith.

25

**Article  (124)**

The court in its own initiative or upon a request by a litigant, may decide to move to inspect the disputed property in case it was not possible to bring the same in to the court, or to deputize for that purpose one of its members, and organize minutes of such inspections.

**Article  (125)**

If the nature of the suit's subject matter necessitated consulting experts in relation thereto, then the court shall appoint an expert or more from the experts' roll / list or otherwise, unless the same were selected by the agreement of the litigants.

**Article  (126)**

Selection of experts shall be through a decision by the court which shall contain the following information:

    1-  The name of the experts, their profession and other information indicating their identity.

    2-  A statement of matters for which their expertise is sought and the kind of expeditious measures they are permitted to implement (in case of necessity).

    3-  A time frame for their task.

    4-  The amount of money that has been deposited in the court's treasury for the account of the experts' fees and expenses, the date of its deposition, the litigant required to furnish such an amount, and the sum of that amount that can be disbursed/expended in advance.

**Article  (127)**

The court may appoint one expert or more to provide his / their opinion before the court, without the need to submit a report.  In this case the expert's opinion shall be recorded in the session's minutes which shall be signed by the expert.

**Article  (128)**

    1-  If the litigant required to provide the amount to be deposited in the court's treasury failed to do so, then the other litigant may deposit the required amount without prejudice to his right of recourse on his counterpart.

    2-  If non of the litigants deposited the required amount, then the court may consider this as a waiver of the issue which was meant to handled by the experts.

**Article  (129)**

If the name of the expert was not registered in the expert's roll, then prior to undertaking his task he shall take an oath to perform his duties in a sincere manner and with probity.

**Article  (130)**

    1-  The provisions regarding to recusel of judges shall apply to experts unless they were selected by the parties.

2- The application/request of recusel shall be submitted to the court viewing the suit, which shall decide on this matter by a non-challengeable decision except in association with the judgment resolving the suit/dispute.

## Article (131)

The expert shall conduct his task even in the absence of the litigants who were duly invited to attend. The expert shall undertake his task under the court's supervision, unless the nature of the task necessitated it to be done privately/isolatedly.

## Article (132)

1- The expert shall prepare minutes of his task containing a statement of the litigant's attendance /presence, their statements and comments and the activities/ work that they have conducted, and the statements of the people who were needed to be heard.

2- The litigants shall sign their statements and comments. The other people shall also sign their statements; their declining to do so shall be indicated in the minutes.

3- Such minutes shall be put together with the report supplied by the expert showing the result of his work which shall be signed by the expert.

4- The report shall address all the issues in which the expert's detailed opinion was sought, and the results which the expert has embarked on, or what the subject matter of the expert's advice may lead to.

5- In case there was more than one expert and there was an opinion disagreement among them then the opinion of each of them shall be mentioned in the report along with its grounds.

## Article (133)

1- The court in its own initiative or upon a request by one of the litigants, may decide to call the expert to attend the session if it found that his report is not complete or to seek clarification therefrom of certain matters necessary to resolve the case.

2- The court may also address a number of questions to the expert which the court may deem useful to enlighten the court of the disputed issues. Further, if the court deems the expert's clarifications are inadequate, then it may require the same to rectify the defects and shortcomings of his product by supplying another report. Alternatively, the court may assign another expert to perform such duties.

## Article (134)

The expert's report may constitute a valid ground for the court's judgment. If the court's judgment was contrary to the expert's advice/opinion then it shall set out the reasons of disregarding such an opinion, whether in part or in whole.

## Article (135)

1- The court shall estimate the experts' fees taking into account the case's magnitude, the task performed , and the time spent in such performance.

2- The expert shall receive his fees from the amount deposited in the court's treasury. If such an amount was not sufficient to pay off the expert's fees, then the court shall in case of non-

payment, and upon a mandate by the judge commissair, collect the remaining amount by way of execution.

# Chapter Six

# Oath

**Article  (136)**

1- The court shall ask the litigant who was unable to establish his claim or to rebut the other's claim, if he is willing to put upon conclusive oath the other litigant. If he was positive, then the other litigant shall (if present in person) do the oath according to the wording proposed by the court in view of the claim in question. If the concerned litigant was absent, then the court shall adjourn the session and notify the litigant with the oath's wording and the date of the session in which he shall attend, and that if he fails to attend he will be considered as declining the oath.

2- The request of putting the other litigant upon oath may not be made after the case was heard by the court of cassation.

**Article  (137)**

1- The litigant willing to put upon conclusive oath his counterpart shall set out precisely the facts subject matter of the oath. The court may modify the suggested phrasing of the oath so as to suit/fit such facts.

2- The court may deny an arbitrary request of oath.

**Article  (138)**

1- If the litigant who was put upon oath disputed its permissibility or relevance to the case, and such an objection was denied by the court and the court decided to put him upon oath, in this case the court shall indicate the oath's wording in such a decision. If present in person, the litigant put upon oath shall take the oath, or return the oath to the other litigant, otherwise he shall be considered as declining the oath.  If the concerned litigant was absent then the provisions of Article (136) of this law shall apply.

2- The oath can be taken in the absence of the litigant who has requested the same.

**Article  (139)**

1- A request for oath signifies waiver of other means of proof with respect to the oath's subject matter.

2- Putting upon oath as a precautionary measure is not permissible.

**Article  (140)**
The oath shall be conducted / taken by stating the words (I swear to God) and then followed by the wording approved by the court.

# Part Ten

## Summary Litigation and Orders on Petitions

**Article (141)**

  1- The court of first instance shall be in charge of hearing summary matters(that need to be considered before it is too late) provided not to touch upon the substance of the dispute.

  2- The court of substance shall have jurisdiction to hear these matters if such were (consequentially) lodged at the said court.

**Article (142)**

The plaintiff may seek a summary decision to prevent the defendant from leaving the country, if he has strong reasons indicating that the defendant is likely to runaway. The court, if convinced with the applicant's grounds, may request/order the defendant to assign a person to represent the defendant in the suit until it is resolved with a final judgment. If the defendant declined to answer the court's request, then the court may issue an order to prevent the defendant from leaving the country provided that the plaintiff shall furnish a bond to guarantee any damage that might be sustained by the defendant.

**Article (143)**

The person who was un-rightfully banned / blocked from the service of water or electricity supply or from telephone communications, or other type of utilities may apply for a summary judgment to restore the said utilities according to the provisions of the law.

**Article (144)**

  1- If a person feared the traces of an incident to disappear, and such incident was a potential subject matter of a judicial dispute, then he may request the court of summary matters to move prior to filing a lawsuit and after notifying the persons of relevance, to conduct inspection and take notice of the incident under the supervision of the judge commissair or by an expert. The provisions relating to the expert's advice and inspection shall apply in this context.

  2- Minutes for the inspection shall be organized, and the expert's report shall indicate all matters that have actually necessitated the inspection and preserve the status quo. A copy of the report shall be kept at the court's bureau, and any of the relevant parties may obtain a ratified copy thereof.

  3- The judgment debtor in the main dispute/suit shall incur the expenses of the inspection and examination.

  4- The court considering the main dispute/suit may take the inspection's report as a ground for its judgment.

**Article (145)**

  1- The person holding a normal deed may file a request to the court of summary matters to summon the person to whom the deed is imputed, to admit/confess his handwriting, signature, stamp or thump print thereon, even if the commitment enshrined therein was yet immature.

2- If the defendant admitted his handwriting, signature, stamp or thump print in the deed, then the court shall record such an admission. The expenses shall be borne by the plaintiff. In case of denial, investigations shall be conducted according to Article  (108) and the provisions thereafter of this law.

3- If the defendant was silent and did not deny the deed, nor he related the same to any one else, then this shall denote his admission/confession of the deed.

## Article  (146)

1- If a party fears that a chance / opportunity to examine a witness (on a matter that was not considered yet by a court, but constitutes a potential judicial dispute) may be missed, then he may request that witness to be examined in the presence of the other concerned parties, by the court of summary matters.  The expenses in such a process shall be borne by the plaintiff.

2- The other litigant may upon action/pleading in the main suit object to the acceptability of such a testimony.

3- Such testimony may not be considered until the court hearing the prime suit decides that proof by testimony is acceptable in the respective case.

## Article  (147)

1- Any person having an interest in a movable or immovable property may, based on reasonable reasons that an imminent danger is caused by this property to remain in the hand of its possessor, make a request to the court of summary matters to place this property under guardianship, administer the same, and return it along with its collected proceeds (fruits) to the person proved to be its legal owner.

2- The appointment of the guardian shall be made by the agreement of all the concerned parties. If such agreement was not arrived to, then the guardian shall be appointed by the judge commissair. The guardian shall receive compensation estimated by the court.

## Article  (148)

1- In its decision, the court shall determine the guardian's duties, commitments, powers and rights (compensation). If the decision was silent about the foregoing, then the following provisions shall apply:

    A- The guardian shall maintain the properties under his guardianship and administration according to the criteria of normal person. The guardian shall provide the court with a statement, substantiated with documents of the amounts which he has received and spent.

    B- Save for the activities of administration, the guardian may not make any dispositions without the court's permission. In the undertaking of his duties, the guardian is prohibited from letting someone else to perform the guardian's duties, whether that was directly on indirectly.

2- The guardian's services can be terminated by a court decision.

**Article  (149)**

The applicant may seek a permission from the court of summary matters to execute an obligation on the expense of his counterpart, or to perform an activity or to make a disposition in the cases stipulated in the law.

**Article  (150)**

The request for summary judgment shall be made by a petition, with which the other party (litigant) shall be notified at least (24) hours before the hearing session. The petition shall be accompanied with substantiating documents. The court shall decide on the petition within a period not exceeding (7) days. The rules of litigation stipulated in this law shall apply on these petitions, not with prejudice of the provisions particular to the summary matters.

# Chapter Two

## Orders Issued on the Pleading of One of the Litigants

**Article  (151)**

The person having the right to obtain a court order to make a certain performance (disposition) according to the law, may in the case of expedience make a request to the competent court to issue such an order through a petition that shall be submitted to the commissair in charge. Such a petition shall be submitted in two copies, indicating the facts of the request and its grounds, and shall be accompanied with substantiating documents.

**Article  (152)**

The judge commissair shall make his order, whether to accept or reject the petition, and put it in writing on one of the petition's copies on the day following the date of its submission. An official copy of the order shall be given to the petitioner, the original shall be kept at the court's bureau and a copy thereof shall be notified to the party against whom the order was made.

**Article  (153)**

1- The order's debtor, and the petitioner who had his petition rejected, may object to the court which has issued the order, within  (3) days from the date of its issuance or notification, by requesting the other litigant to attend before the court in an expeditious (urgent) manner.

2- The objection may be filed consequentially to the main dispute/suit at any stage of litigation even in the turn of action/pleading.

3- The court shall resolve the objection in an expeditious manner, whether by confirming the order, or by canceling or amending the same. The court's decision shall be challengeable before the court of cassation.

# Book Two

# Judgments and Methods of Appeal

## Part one

## Judgments

### Chapter one

### General Provisions

**Article  (154)**

Judgments shall be issued in the name of the people.

**Article  (155)**

Prior to resolving the dispute, the court shall issue the decisions necessary for the handling of the case and amend such decisions. The court may decide not to consider a certain procedure provided that it shall state the reason of its decision in the suit's minutes.

**Article  (156)**

If the suit was prepared / ready for judgment, then the court shall decide to close the action (pleading stage) and issue its judgment in the same day, or specify a date for pronouncement of the judgment not exceeding (15) days from the date of deciding the closure of the action.

**Article  (157)**

1- After closure of the action, the court is not allowed to hear clarifications by any of the litigants except in the presence of the other litigant. The court may not accept petitions or documents by any of the litigants.

2- The court may decide to open the door of pleading (action) if it deems such as necessary, provided that the court  shall write down the grounds of this decision.

**Article  (158)**

Judgment shall be issued by consensus or majority of opinions (votes). If the votes were in divergence, then the member of lower degree shall line up with / join one of the opinions/prime sides so as to form majority.

**Article  (159)**

1- The judgment shall contain its grounds, and shall be based on one of the (judgment's reasons) contemplated in the law.

2- In its judgment, the court shall indicate the justifications for accepting or rejecting the claims and pleas raised by the litigants, and the legal provisions it has referred to.

**Article  (160)**

    1-  The judgment shall be signed by the judge commissair or the head of the court's panel and its member.

    2-  The dissenting member shall record his judgment and the reason for his disagreement. The dissenting judgment may not be pronounced, a copy of which shall be kept in the suit's file and no copies thereof can be given out.

    3-  The court's judgment shall remain considerable and enforceable unless it was overruled or amended by the same court, or rescind or repealed by a court of higher degree according to the applicable legal methods.

## Chapter Two

## Procedures for Issuance of Judgments

**Article  (161)**

After having its draft edited and its grounds put down, the judgment's text shall be pronounced/recited in public in the session designated for that purpose. The judgment shall be properly notified to the parties. However, the judgment shall be deemed notified if it was signed on by the litigants or if they declined to affix their signatures thereon.

**Article  (162)**

After (15) days from the date of the judgment's pronouncement, a notification shall be drafted / prepared, indicating the court which has made the judgment, the date of the judgment, the name of judges who have made the judgment, the name of the litigants, and their attorneys, a statement of attendance and absence in the suit's sessions, a gist of the case and a summary of the litigant's claims and pleas and their factual and legal grounds and evidences and the decisions made in their respect, the judgment's text and its grounds and legal pillars. The judgment shall be signed by the judge commissair or the head of the court's panel, and stamped by the court's stamp.

**Article  (163)**

    1-  The judge commissair or the head of the court's panel shall sign on as much copies of the judgment as needed, and each copy shall be stamped with the court's stamp and kept in the suit's file. A true/official copy shall be given to any of the litigants upon his request, after payment of the applicable fee.

    2-  A third party may not be given a copy of the judgment except pursuant to an order on a petition made by the judge commissair or the head of the court's panel.

## Chapter Three

## Expeditious Enforcement / Execution

**Article  (164)**

    1-  If the judgment was based on an official deed/instrument, or on the defendant's confession of the claimed right, or on the defendant's decline to take the oath, the court shall decide upon the plaintiff's request to subject the judgment to the expeditious enforcement (rules).

34

2- The court shall include the judgment in the expeditious enforcement (framework) on the condition of a bond in the cases, other than those mentioned above, if the claimed right was of a nature that necessitates expeditious enforcement- such as perishable and easily destroyed articles. In this case, the bond, furnished by the plaintiff shall cover the value adjudged object and any damage that might be sustained by the defendant. Such a bond shall be provided upon enforcing/executing the judgment at the department of execution.

**Article  (165)**

1- Expeditious enforcement is compulsory by virtue of the law for judgments pertaining to maintenance, summary matters, and orders on petitions The court shall mean to enforce its judgment / decision directly. When necessary, such enforcement shall be conducted by the department of execution /enforcement.

2- Such enforcement shall not be postponed in case the judgment was challenged according to the methods described in the law, unless otherwise decided by the court considering the appeal/challenge.

**Article  (166)**

1- Upon issuance of the judgment that resolves the dispute, the court shall in its own initiative decide to incur the suit's expenses upon the judgment debtor .

2- The suit's expenses shall include the legal and expert's fees, and the witnesses expenses.

3- If there was more than one judgment debtor, the court may decide to divide the expenses among them. The judgment debtors shall not be held as jointly liable unless they were so liable with regards to the originally claimed right.

4- If it becomes apparent that each of the litigants was partially un-rightful in his claim, then he shall incur part of the expenses that is proportional to the part that he was un-rightful about.

5- The legal fees shall not commensurably multiply according to the number of judgment debtors or creditors or their attorneys.

# Chapter Five

## Correction/ Editing of Judgments

**Article  (167)**

1- The correctness of the judgment may not be derogated from because of any typographical or mathematical mistakes. However, such mistakes shall be corrected by the court upon the request of the parties or one of them.

2- If the request for correction was lodged, the court shall invite the parties to hear their pleadings (or the statements of the litigant who attends) in this regard, and shall adjust the respective mistake.

   3-  The corrective decision shall be inserted as a margin in the judgment, and shall be registered in the judgments register, and notified to both litigants.

## Part Two

## Methods for Challenging judgments

## Chapter one

## General provisions

**Article (168)**

Legal methods for challenging of judgments are:

   1-  Objection to judgments in absence.

   2-  Appeal.

   3-  Retrial.

   4-  Cassation.

   5-  Rectification of cassation decision.

   6-  Objection by third party.

**Article (169)**

Judgments may not be challenged except by the judgment debtor. Judgments may not be challenged by the party who has explicitly waived  his right therein before a court or through a notarized paper.

**Article (170)**

Save for decisions that can be independently challenged by way of cassation pursuant to the law, decisions made during an action/suit that do not *per se* resolve/ determine the lawsuit may not be challenged except after the issuance of the final judgment.

**Article (171)**

Limitations for invoking methods for challenging of judgments are compulsory, and thus failing to observe such shall entail termination of the right to file a challenge. The court shall by its own initiative dismiss the pleading of a challenge if it was lodged after the expiry of the specified limitation.

**Article (172)**

Lapse of limitations shall commence on the day following the date of notification of the judgment, or the date on which it was deemed notified. Litigants may invoke the methods of challenging of judgments prior to being notified therewith.

**Article (173)**

   1-  Challenging of a judgment shall be made by a pleading indicating the reasons of appeal, the place chosen by the appellant for the purpose of notification, and the challenged judgment, its date, and the court which has issued the same.

2- Payment of the fees shall initiate the appeal.

3- The appellant shall submit with the pleading attachments copies thereof for the purpose of notifying other litigants with such.  Such notifications shall be conducted according to the law.

**Article (174)**

1- Limitations shall be suspended/ cease to lapse if the judgment debtor passes away or if he loses his capacity of litigation, or if the person acting on his behalf has lost such a capacity, provided that the forgoing shall take place after the relevant person was notified with the judgment and before the expiry of the limitations.

2- Suspension of limitation shall continue until the judgment is notified/ communicated  to the heirs or one of them at  the last domicile of the deceased, or at  the domicile of the legal representative of the litigant who lost his capacity of litigation or the person enjoying the new capacity.

3- Limitations shall be renewed for those mentioned in the proceeding Paragraph after notification of the said judgment according to the aforementioned manner.

**Article (175)**

If the judgment creditor passes away then the filed appeal may be notified to one of his  heirs in the last domicile of the deceased.  If the judgment creditor loses his capacity of litigation or his capacity as a litigant in the lawsuit at hand, then the appeal shall be notified to his legal substitute in the latter's domicile.

**Article (176)**

1- Only the person who has filed the appeal shall benefit therefrom. The appeal shall have no effect except towards the party against whom such was filed.

2- However, rectification of the judgment shall benefit any party having an interest derived from the rights of the person for whose interest the judgment was rectified.

3- Further,  such shall benefit any plaintiff or defendant associated with the party for whose interest the judgment was rectified provided that the dispute was relating to a severable object. Further, such rectification shall benefit the party that was adjudged as jointly liable with the party for whose interest the judgment was rectified.

4- None of the foregoing parties may benefit from ratification/adjustment of a judgment should such was based on reasons particular to the party for whose interest the judgment was rectified.

# Chapter Two

## Objection to the Judgment in Absence

**Article (177)**

1- The Judgment debtor may within ten days object to the judgment in absence issued against the same by the court of first instance, or the magisterial or religious court, in any matter other than summary matters.

2- Contesting the judgment in absence by other than the way of objection shall be considered a waiver of challenging the same by way of objection.

**Article (178)**

1- The objection shall be made by a pleading containing the objection's reasons.  Such a pleading shall be submitted to the court which has issued the judgment in absence. A soon session shall be set for hearing the objection. The objector shall sign on the pleading (after specifying the date of the session), and the other litigant shall be notified with a copy of the pleading.

2- The objection's pleading may be submitted via the court wherein the objector resides, provided he shall indicate a chosen address for notification. After the collection of the fees, the pleading along with its attachments shall be immediately sent to the court which has issued the judgment in absence. The latter court shall set out a session to hear the objection, and the other litigant shall be notified therewith.

**Article (179)**

1- If the objection was not submitted within its period or was lack of its grounds, then the court shall decide to dismiss the objection in form.

2- If the court ascertained that the objection was submitted within the specified time and contained its reasons, then the court shall decide to accept the objection and consider its substance according to the law.  The court may confirm, overrule or amend the judgment in absence, as the case may be.

**Article (180)**

1- If the other litigant failed to attend to the specified session despite of being duly notified therewith, the court shall decide to put the suit on hold until either litigant pursues the suit. The court shall also decide so if the parties themselves agree to put the suit on hold.

2- If (30) days elapsed since the suit was put on hold without being pursued by either litigant, then the suit shall become null and may not be renewed.

**Article (181)**

If the court session was attended by one of the litigants and the other litigant failed to attend to the specified session despite of being notified therewith, the court shall proceed in considering the objection. The court may confirm, overrule, or amend the judgment in absence, as the case may be.

**Article (182)**

No objection may be submitted (whether by the objector or the other litigant) against the judgment issued in the objection to the judgment in absence. However, such a judgment may be contested by the other methods of appeal.  Such a challenge shall be filed against the judgment in absence and the judgment made in the objection to the judgment in absence. However, if the objection was dismissed in form then the challenge shall only address the judgment in absence.

**Article (183)**

1- The objection shall postpone enforcement of the judgment in absence except if it was subject to expeditious enforcement, unless the court, when considering the objection, decided to cancel the decision of expeditious enforcement.

2- If as a result of the objection the judgment in absence was rescind/overruled, then all of the pre-enforcement procedures conducted prior to the date of the objection shall be canceled. However, if the judgment was amended, then the enforcement thereof shall be confined to that part of the judgment which was not amended.

**Article (184)**

The objection suit shall be subject to the rules applicable on suits in presence in terms of both; procedures and judgments, unless the law stipulates otherwise.

# Chapter Three

# Appeal

**Article (185)**

The litigants may challenge by way of appeal judgments of first degree issued by courts of first instance in suits the value of which exceeds one thousand (1000) Dinars . Judgments issued by such courts in bankruptcy and companies liquidation cases may be also appealed.

**Article (186)**

1- A third party may not interfere/participate in the appeal unless he requests joining either party, or if he has the right to challenge the judgment by way of "objection by third party".

2- Prior to the end of the action, the court may admit ( in the appeal) a third party that was not a party (litigant) in the judgment subject of appeal.

**Article (187)**

1- The limitation for filing an appeal is (15) days.

2- If it becomes evident that the first instance judgment was based on cheating committed by a litigant or on a forged document, or perjury, or if one of the litigants has concealed a document decisive in the suit, then the appeal's limitation shall commence on the day following the day when the judgment debtor has learned about the said forgery or the date of a written confession of such forgery by the perpetrator, or the date of the judgment establishing the forgery or perjury, or the date when the concealed document was found.

**Article (188)**

1- The appeal shall be submitted by a pleading to the court of appeal or the court which has issued the judgment. If the appeal pleading was submitted to the court of appeal directly, the pleading shall be registered and fees collected and a session to hear the same shall be determined.  The date of the session shall be notified to the appellant, on the pleading, and to the appellee, and the court which has made the judgment shall be notified with the submission of appeal and it shall be requested to transfer the case's file to the court of appeal. If the pleading was submitted to the court which has issued the judgment, then the same shall collect the statutory fees, register the pleading and transfer the same along with the suit's file directly to the court of appeal.

2- The appeal pleading shall include/show the chosen address by the appellant for the purpose of notification, a summary of the appealed judgment and the court which has issued the same, the date when the judgment was issued and notified, the grounds of the appeal and the appellant's demands and requests.

**Article (189)**

If the appeal was not submitted within the prescribed period or failed to show its grounds, then the court shall decide to dismiss the appeal (for lack of formality).

**Article (190)**

1- If the appellee (respondent) fails to attend on the day specified for the action in spite of being notified therewith then the court shall decide to abandon the appeal until it is pursued.  If 30 days passed from date of such abandonment without the said case is pursued by either parties/litigants, then the appellate pleading shall become null and may not be renewed.

2- If one of the litigants attended and the other was absent in spite of being notified then the court shall hear the case and resolve the same according to the law.

**Article (191)**

The appellee at any time before the end of the first session in the action of the principle appeal may submit (even after the expiry of the appeal limitation) a counter appeal- through a pleading indicating the grounds for appeal- to challenge the part of the first instance judgment relating to his rights. The counter appeal shall annul if the principle appeal was dismissed.

**Article (192)**

1- The appeal shall restitute the case back to the pre-first instance judgment stage only with regards to the subject matter of the appeal. The appeal may not contain any claim that was not mentioned before the first instance court.  However, fees interest, and legal expenses that have become due and damages that arise after the issuance of the first instance judgment, may be associated with the original claims.

2- New evidences may be presented in the appeal to support the claim and the plea that was brought before the court of first instance.

**Article (193)**

1- If the appeal has fulfilled all the legal requirements, then the court shall decide to accept the appeal *in form*, and decide to proceed to consider the same *in substance*.  If the judgment of first instance was in line with the rules and legal principles, then the court shall confirm the

same and dismiss the objections and reasons of appeal, and state in details the ground of such dismissal.

2- If the court found errors and discrepancies, whether in form or in substance, in the appealed judgment, then it shall complete and rectify the same in a proper manner.

3- If, after rectifying and completing the errors and deficiencies in the judgment, the court found that the result of the same was not affected and that it is in line with the law then the court shall confirm such judgment.

4- However, if the amendments to the judgment have affected the result or if the judgment was inconsistent with the law, then the court shall rescind the same in whole or in part and issue a new judgment without the need for returning the judgment to the court of first instance.

**Article (194)**
1- Appealing a judgment shall postpone its execution/enforcement unless it was subject to expeditious execution. In the latter case the judgment shall be executed unless the court of appeal decides to cancel the decision of expeditious execution.

2- If as a result to the appeal the judgment was rescind then all of the execution procedures that were conducted prior to the appeal shall be cancelled.

**Article (195)**
The provisions of this law relating to lawsuit, trial, judgment, and other matters applicable in the courts of first instance, shall also apply in the courts of appeal.

# Chapter Four

# Retrial

**Article  (196)**
Judgments that can be challenged by way of retrial are those issued by the courts of appeal, courts of first instance of final degree, magisterial and religious courts. Such challenge shall be based on one of following grounds, and can be submitted even if the challenged judgment has become final:
1- If the other litigant has committed a cheat that has affected the judgment.

2- If after the judgment, there has been a written confession that the documents upon which the judgment was based are forged, or if such document were adjudicated as such (forged).

3- If the judgment was based upon a perjury.

4- If after the judgment the interested litigant has obtained productive documents, the lodging of which to the court was precluded by the other litigant.

**Article  (197)**
Judgments issued by courts of first instance of first degree, which are challengeable by way of appeal may not be challenged by way of retrial.

**Article  (198)**

The limitation of retrial is (15) days starting from the day following the date when the cheat was discovered, the forgery was confessed by its perpetrator or established by a judgment, the perjury was adjudged, or the productive document were found.

**Article  (199)**

A challenge by retrial shall be conducted through a pleading that shall be lodged at the court, which has made the challenged judgment, or its replacement court. Such a pleading shall contain the names of the litigants, their surnames, place of residence, chosen place for notification, a summary of the judgment and its date and the court which has issued the same, the date when it was notified to the judgment debtor, and the ground of retrial. A soon hearing session shall be determined after registration of the pleading, collection of the judicial fees, and payment of securities of (20) Dinars to the court's treasury to guarantee payment of the fine or damage incurred by the other litigant, without prejudice to the latter's right to claim a greater compensation to cover the actual damage. The challenging litigant shall sign on the pleading indicating that he was notified with the date of the session.  The other litigant shall be notified with a copy of such a pleading and with the session's date.

**Article  (200)**

If after hearing both litigants it becomes evident to the court that the retrial application was not based on one of the grounds stipulated in Article (196), then the court shall decide to dismiss the same and sentence the applicant with a fine not less than (5) Dinars  and not exceeding (10) Dinars .

**Article  (201)**

1- If the retrial application was base on one of the grounds stipulated in Article  (196), then the court shall decide to accept the same and suspend the execution of the judgment in question, pending the outcome of the retrial suit, provided such suspension shall not affect the execution (enforcement) of that part of the judgment that is not included under the retrial challenge.

2- The court shall answer the retrial applicant by amending that aspect of the challenged judgment relating to the ground of the retrial, and issuing a new judgment.

**Article  (202)**

1- Consideration of the retrial application shall be confined to the retrial basis contemplated in the retrial pleading, and such consideration may not extend to another ground that is not mentioned in the pleading.

2- The judgment issued in the retrial (case) shall not be subject to challenge by retrial.

# Chapter Five

## Cassation

**Article  (203)**

The litigants may challenge by way of cassation the judgments issued by the courts of appeal, courts of first instance, magisterial courts, religious courts, and in any of the following cases:

1- If the judgment was based on an illegality, misapplication , or misinterpretation of the law.

2- If the judgment was made contrary to the rules of jurisdiction (competence).

3-  If there was a misapplication of the principal proceedings that has affected the correctness of the judgment .

4-  If the judgment was contradicting a final judgment in the same dispute between the same litigants (or their legal representatives).

5-  If there has been a material mistake in the judgment. The mistake shall be considered material if there was a misunderstanding of facts, or if the judgment failed to address an aspect of the claim or addressed an issue that was not raised by the litigants or what the litigants have actually claimed, or was contrary to what was established in the suit's minutes or to the evidence elicited from the documents and papers filed by the litigants or if the various parts/sections of the judgment's text were contradictory or if the judgment failed to fulfill its legal requirements (conditions).

## Article (204)

Subject to the provisions of Articles (172) and (216), and the periods stipulated in the special laws, the limitation period for cassation shall be (30) days for judgments made by the courts of appeal and the courts of first instance, and (10) days for judgments made by magisterial and religious courts.

## Article (205)

1-  Challenge of a judgment by way of cassation shall be made through a pleading that shall be lodged at the court of cassation, or the court which has issued the judgment in question, or the court wherein the applicant's place of residence is located. A copy of the pleading shall be notified to the other litigant who shall respond to the same within (8) days from the date of notification. The number of the pleading copies shall be equivalent to the number of the other litigants.

2-  The pleading shall contain the litigants name, surname, place of residence, and the chosen place of notification, and the name of the court which has issued the judgment in question and the date of its notification and the aspects of its illegality.

3-  If the challenge was relating to a first instance judgment of a first degree, then the applicant shall attach to his pleading for cassation a statement by the court of appeal indicating that no appeal against the first instance judgment in question was filed within the legal limitation.

4-  If such statement was not attached with the cassation pleading then the court of cassation shall decide that the challenge in question is suspended until such statement is duly filed.

## Article (206)

When reviewing the challenge of a first instance judgment of a first degree, against which an appeal was filed, the court of cassation shall suspend the challenge (by way of cassation) until the appeal is resolved.

## Article (207)

1-  If the cassation pleading was submitted directly to the court of cassation, the head of the court shall request the suit's (case's) file to be sent from the court which has made the judgment. The other litigant shall be notified with a copy of the pleading and shall respond thereto within (8) days from the date of taking notification.

43

2- If the pleading was submitted to the court which has issued the judgment, such a court shall conduct the notifications and send the cassation pleading and the plea (if available), along with the suit's file to the court of cassation.

3- If the cassation pleading was submitted to the court of the contester's place of residence, then this court shall notify the other litigant, and send the cassation pleading and the plea (if available) to the court of cassation. The head of the court shall request the suit's file from the court which has issued the challenged judgment.

4- The court at which the cassation pleading was filed shall register the same and collect the "cassation fees" and indicate such at the pleading's footer. The date of payment of the said fees shall be considered the date when the cassation suit was raised.

**Article  (208)**
1- The challenge of a judgment by way of cassation shall postpone the enforcement of the challenged judgment if such was pertaining to possession of a real estate, or a right in rem in a real estate. Otherwise, the court of cassation may issue a decision to postpone the enforcement until the challenge is resolved provided that the contester (who submits the challenge by cassation) shall furnish a solvent guarantor to guarantee to hand over the judgment debt if the submitted challenge turns out to be un-rightful.  Alternatively, the contester may deposit the adjudged money or movables as a trust with the department of execution, or if the contester's property were attached upon a request by the other litigant, or if such were placed under attachment upon his own request.

2- If the judgment was rescind, all the enforcement procedures, which have taken place before postponement of enforcement shall be canceled.

**Article  (209)**
1- After receiving the plea's memo, or expiry of limitation to submit such, the court of cassation shall scrutinize the case's documents without gathering both litigants.  The court may take any procedure it deems helpful to resolve the case.

2- When necessary, the court of cassation may invite the litigants to inquire about any issues that need to be clarified. The court may allow a new statements or pleadings to be submitted.

3- No new pleas or evidences may be filed to the court of cassation except for challenging the capacity of the litigants (one another) or to challenge the court's jurisdiction, or to establish that the dispute has been previously resolved by a final judgment.

**Article  (210)**
After completing the its revision, the court of cassation shall make its decision as follows:
1- Dismiss the cassation pleading if such was submitted after the expiry of the cassation limitation or if it was lacking the required grounds of challenge.

2- Confirm the challenged judgment if it was in line with the law, despite of any procedural defects not impairing the correctness of the judgment.

3- Rescind the judgment based on any of the grounds stipulated in Article (203) of this law.

**Article  (211)**

The court of cassation shall in its own initiative rescind the challenged judgment if it contained an explicit violation of the law that has caused a clear deficiency to its correctness, even if the statements and grounds, submitted by the contester, were inadequate achieve that purpose.

**Article  (212)**

1- If the judgment was rescind due to the lack of jurisdiction of the court then the court of cassation shall determine in its decision  the competent court and send the case's documents to that court, and notify the court which has issued the judgment with such.

2- If the judgment was rescind for any other reason the case shall be returned to court which has issued the judgment so as to reconsider the case in view of the directions (instructions) contemplated in the decision of the court of cassation, and issue a new judgment according to the law.

3- If the judgment was rescind due to a procedural defect, then the court, which has issued the judgment, shall reconsider the case starting from the point based on which the judgment was rescinded.  All of the procedures undertaken prior to the said point shall remain valid.

**Article  (213)**

If there has been a misapplication or misinterpretation of the law, though the judgment was correct in principle and in line with the law, then the court of cassation shall confirm the judgment in terms of its result.

**Article  (214)**

If the court of cassation has decided to rescind the judgment due to its illegality or misapplication of the law, and it was appropriate to resolve the case, then the court of cassation shall adjudicate the suit. In this case and when necessary the court may invite both litigants and hear their statements (pleas).  In this case, the decision of the court of cassation shall be challengeable by way of (rectification of a decision) before the general panel within the specified limitation.

**Article  (215)**

1- If a religious or magisterial court issued the judgment challenged by way of cassation, then the decision of the court of cassation shall be absolutely adhered to.

2- If the challenged judgment was issued by the court of appeal or the court of first instance, then the decision of the court of cassation shall be adhered to only in connection with the principal proceedings contemplated therein, unless the decision of rescission was issue by the general panel of the court of cassation, whereupon such decision shall be adhered to (followed in all cases and from all aspects).

3- If the court of appeal or the court of first instance, insisted on its judgment after the case was returned thereto, and thus gone against the decision of the special panel of the court of cassation, then the second challenge shall be considered (in this case) by the general panel of the court of cassation.

**Article  (216)**

1- The challenge by way of cassation may be made against the decisions made by the court of summary matters, and decisions made in precautionary attachment and objection to order on

45

petitions, and decisions to nullify the pleading of the suit or to suspend its proceedings until another issue is resolved, and the decisions to refuse consolidation of two correlated cases or to reject transfer of a suit due to lack of value or territorial jurisdiction, or the decision to dismiss or accept the application for correction of a formality in the judgment or the decision to reject the appointment and recusal of arbitrators and the decision to determine their fees. The limitation for challenging the aforementioned decisions is (7) days starting from the day following the date of notification of the decision or deemed to be notified.

2- The court of cassation shall issue its decision within (15) days from the date of notifying the cassation pleading; and such decision shall be adhered to.

3- Orders on petitions are not challengeable by way of cassation except after objecting thereto by the party which has issued the same according to Article (153) of this law.

**Article (217)**
The litigants and the heads of the execution departments may request from the court of cassation to hear the dispute arising from enforcing two final and contradictory judgments addressing one issue between the same litigants. The general panel of the court of cassation shall resolve such a request and give weight to one of the judgments, and order the same to be enforced based on a reasoned decision.

**Article (218)**
The decision of the court of cassation shall contain the information necessary for the validity of judgments, its grounds, a discussion of the grounds of the cassation pleading and the ones thereof that are eligible to rescind the judgments and the grounds of dismissing such pleading (if the judgment was confirmed). Such a decision shall be notified to the litigants.

**Article (219)**
A- The decisions of the court of cassation may not be challenged except by a request for rectification of the decisions confirming the judgment, and the decisions rescinding the same if they resolve the case.  Such a request shall be made according to Article (214) of this law, and shall be based on one of the following grounds:

1- If the court of cassation failed to address a legal reason that may lead to confirming or rescinding the judgment.

2- If the cassation decision contained a violation of an explicit provision of the law.

3- If the various parts of the cassation decision were contradicting one another or contradicting a previous decision by the court of cassation issued in the same dispute among the same litigants (in their person and capacity).

B- It is not allowed to consider or discuss any legal reasons other than those stipulated in the rectification request.

**Article (220)**
1- No rectification request can be submitted against the decisions issued by the general panel of the court of cassation.

2- Each litigant may submit the request for rectification only once.

3-  No rectification request can be submitted against a decision made in a previous rectification request.

**Article  (221)**

The rectification request shall be submitted within (7) days starting from the day following date of notifying the cassation decision.  However, no rectification request can be filed after the elapse of (6) months from the date when the decision to be rectified was issued.

**Article  (222)**

1-  The rectification request shall be made through a petition to the court of cassation. Such a petition shall indicate the grounds of the request.  A copy of the petition shall be notified to the other litigant, who shall respond to it within (7) days of such notification .

2-  When submitting his petition, the petitioner shall deposit at the court's treasury a bond of 20 Dinars .

**Article  (223)**

1-  If the court of cassation found that the objections of the petitioner are acceptable and the ground for rectification affects the decision, then it shall rectify the same. However, if it affects the decision only partially, then it shall only rectify that part and return the bond to the petitioner.

2-  If the court found that the petition was submitted after the expiry of the legal limitation or that the objections of the petitioner are not based on a legal reason then it shall dismiss the petition, and record the bond as revenue of the court's treasury.  However, if the petitioner withdraws the petition before being considered by the court, then it shall cancel the petition and return the bond to the petitioner.

# Chapter Seven

# Objection of Third Party

**Article  (224)**

1-  Judgments issued by the magisterial court, the court of first instance, the court of appeal or a religious court are challengeable by way of objection of a third party, who was not a litigant either he was represented in the suit, either he was a third party in the dispute, if he was included in the judgment, or if such a judgment affects his rights (even if it was not final).

2-  The heir may use this right if he was represented by another heir in the suit filed by or against his ancestor, and was not notified with the judgment issued in that suit. Otherwise he shall resort to other methods of appeal stipulated in the law.

**Article  (225)**

1-  Objection of third party is either original or contingent.

2-  The original objection shall be made through a suit to be filed to the court which has made the judgment and shall indicate the reason for which the judgment objected to shall be amended or rescinded. The provisions of this law shall apply with regards to the action (proceedings) and judgment in this suit.

**Article  (226)**

1- The contingent objection shall be submitted by either litigant, in the course of hearing the current lawsuit between the litigants, against a previous judgment that was referred to by the other litigant to establish his claim, provided that the dispute, in which the previous judgment was issued, falls under the jurisdiction\competence of the court viewing the current suit, or of another court of the same or less degree.

2- If the court that has made the judgment, subject matter of the contingent objection, was of a higher degree, then the court shall draw the objector's attention that he shall file an original objection to the court which has issued the judgment in question.

**Article  (227)**

1- If the contingent objection was filed to the competent court, then it shall have the authority to postpone resolving the current suit to see the result of the objection suit.

2- The objection may not suspend the enforcement of the judgment objected to unless the court sees that such enforcement could befall material damage to the objector.

**Article  (228)**

If the court determines that the contingent objection is viable and that it may change the judgment in the original case\suit, then the court shall first consider the objection and adjudicate the same, and then adjudicate the original suit.  However, if that was not the case, the court shall adjudicate the original case and postpone adjudicating the objection.

**Article  (229)**

If the objection of third party was proved as rightful, the court shall modify the judgment in question only to the extent pertaining to the objection's rights rather than the other parts of the judgment.  If the judgment was only about the objector's rights then the court shall rescind the same outright.  If the objector was failed to prove his case, then the objection shall be dismissed and the objector shall incur the suit's expenses, without prejudice to the right of the other litigant to claim damages.

**Article  (230)**

1- The objection by third party may be filed until the enforcement of the judgment against the person who is affected by such a judgment. No objection may be acceptable after enforcement\execution of the judgment in question.

2- If the judgment was not enforced against the respective person then he shall continue to hold the right of objection until the expiry of the legal limitation, whether or not the judgment was executed against the judgment debtor.

3- The period of the said limitation shall start to lapse on the date when the judgment creditor takes receipt of the judgment debt.

# Book Three

## Miscellaneous Procedures

## Precautionary Attachment

**Article  (231)**

1- The creditor holding an official or normal deed\instrument of a known, mature and unconditional debt may apply for an order by the court to impose precautionary attachment on the movable and immovable property of his debtor (which are under his possession) or to impose garnishment in as much as adequate to pay up the debt and its attachments.

2- The attachment may be requested even if there was not any instrument in the creditor's hand if he submits other documents containing a written confession, which the court decides their sufficiency for that purpose.

3- If the case was one that can be established via witnesses, then the request for attachment may be based on testimony.

**Article  (232)**

Whoever claims a right in rem, or a right to posses a movable or immovable property may, according to the conditions stipulated in the preceding Article, apply for precautionary attachment on the very disputed movable or immovable property, even if such was in the hand of a third party who was not subject to the attachment\garnishment.

**Article  (233)**

The court may accept or reject the attachment request in view of its evaluation of the sufficiency of the evidences submitted by the applicant. The court shall issue its decision in this regard no later than the day following the submission of the request.

**Article  (234)**

1- The request for precautionary attachment shall be submitted through a petition (to be filed by the creditor) containing the name of the creditor, the debtor and the third party (if applicable), their surname and place of residence, the ground of the request, and the amount of the debt (for which the attachment is requested). The creditor shall sign and date the said petition.

2- The applicant shall furnish an official guarantee and a cash bond of (10%) of the value of the claimed debt, or place under attachment a real-estate of a value equaling the said percentage (at least), to guarantee any damage that might be caused by the attachment if such it turns out to be not rightful.  As for official and semi-official departments they shall only undertake to pay against any damage or expenses if the applicant turns out to be not rightful.

**Article  (235)**

The precautionary attachment may be placed pursuant to an official instrument organized by the notary public, or upon a judgment whether or not final. In this case the applicant shall be exempted from providing the aforesaid guarantee and bond.

**Article  (236)**
The application for precautionary attachment may be submitted before filing a lawsuit, or in its pleading (action) when filing the same. It also may be filed in the course of a suit or after issuing a judgment therein.

**Article  (237)**
1- If the request for attachment was filed before filing the lawsuit, then the applicant shall file a suit to support his claim within (8) days from the date of notifying the debtor or the garnishee with the attachment's order. If the applicant fails to do so, then the attachment shall be canceled upon the request of the debtor or the garnishee.

2- If the applicant fails to substantiate his claim within the mentioned period or if the distrainee was not duly notified, then the attachment shall become null (as it has never been imposed) after the elapse of (3) months.

3- If the precautionary attachment was approved upon a request in the suit's pleading or in the course of the trial, then the attachment order shall be only notified to the distrainee and the garnishee; the current suit shall be considered encompassing the (request to support the attachment).

**Article  (238)**
If the precautionary attachment was placed after the judgment was issued, then the distrainee and the garnishee (if available) shall be notified with the attachment order, and a session shall be determined to hear the objections of each of them.  The court shall then decide to either confirm or cancel the attachment.  If the objector fails to attend the determined session then the court shall decide to dismiss his objections.

**Article  (239)**
If the court decides to place the precautionary attachment it shall then enforce the same and notify the distrainee and the garnishee (if available). If the attached property was a real-estate, then the attachment shall be conducted by recording the attachment notation in its file at the department of land registration.

**Article  (240)**
The creditor whose request for precautionary attachment was rejected by the court, the distrainee, and the garnishee may object to the decision made with regards to the attachment in the session determined for hearing the suit, or within 3 days from the date of receiving the notification of the attachment order, by submitting a petition to the court which has issued such an order. In the latter case, the petition shall indicate the grounds of his objection and the substantiating documents thereof.  The applicant shall be notified with a copy of the objection along with a court paper indicating the date of the session set to hear the objection. The objection shall be heard according to the provisions governing objections to the orders on petitions.

**Article  (241)**
If the garnishee confessed that the garnished property belong to the debtor, then he shall not be required to attend the session of the action (pleading) between the debtor and the creditor.  However, the garnishee shall keep such property and abstain from handing the same to the debtor until he is requested by the court or the department of execution to deposit the garnished property at the relevant

court.  If the garnishee wanted to hand over the garnished property, then the court shall take delivery and maintain such property, or order the same to be handed over to a guardian.

## Article  (242)

If the garnished property were of a nature that does not allow deposition, perishable or coasty to preserve then the court shall decide to sell the same via bedding.  The sale proceeds shall be deposited at the court's treasury pending the result of the lawsuit.

## Article  (243)

If the garnishee denied possessing the debtor's property, then the creditor shall be required to prove otherwise. If the garnishee alleged that he has returned the attached effects to the debtor, or deposited the same in another place upon the debtor's request, or that the title thereof has passed to him or to a person other than the debtor before the attachment was placed, then the garnishee shall prove his allegation (if it was not approved by the creditor).  If the garnishee was silent and failed to furnish the required statement, then his silence shall be taken as an evidence on his possession of the attached property and that such property belong to the debtor, unless the garnishee proves otherwise.

## Article  (244)

If the plaintiff was successful in establishing his claim, then his right in the attachment shall be affirmed and the court shall decide to confirm the attachment. If the court decided to dismiss the case, then it shall decide to cancel the attachment. The court shall also decide to cancel the attachment if it was nullified. The decision to cancel the attachment shall not be enforced unless the judgment dismissing the suit becomes final. In this case the distrainee may claim compensation for any damage he might have sustained as a result of imposing the ungrounded attachment.

## Article  (245)

1- If the judgment was lack of any statement that approves or cancels the precautionary attachment, then it shall be deemed approving the attachment if it was in favor of the plaintiff. The judgment to dismiss the case shall set out the cancellation of the attachment unless there has been an independent and final decision to approve or cancel the attachment.

2- Subject to the provisions of Paragraph (1) of this Article, whoever obtains the title of the property whose precautionary attachment was confirmed by a judgment, or claims any right therein may claim ownership before the competent court, or object as a third party to that part of the judgment approving the precautionary attachment (if the required conditions are met). Resorting to one of these two methods shall deprive the concerned party from using the other one.

## Article  (246)

If the garnishee has returned the garnishee property to the debtor or handed the same over to another person or declined from handing them to the court or to the execution department (despite the fact that he has acknowledge that such property belong to the debtor or if such was otherwise established), then the garnishee shall be liable for such property or their value, without prejudice to his right to call upon the debtor or the other person to whom the property in question was returned.

## Article  (247)

Attaching the debtor's property under the possession of a third party (garnishment) shall not affect their rights on such property.

**Article (248)**

The following may not be attached or seized to collect a debt:

1- Property of the state.

2- Property of semi-official departments, excluding those leased to a third party.

3- Property of the Waqf department, and property that are properly endowed.

4- Adequate maintenance for the debtor and whom he supports out of his revenues.

5- Life time salary if it was granted as a charity.

6- Household furniture necessary for the debtor's (and his family's) sleep, dining accommodation, and the furniture necessary for exercising worship rituals.

7- Machines and equipments necessary for the debtor to carry out his craft or profession, unless the debt was originated form their price.

8- Fuel and supplies necessary for the living of the debtor and his family for one month or for a season, as the case may be.

9- Text books relating to the debtor's profession.

10 - Instruments and tools of the farmer and cultivator pertinent to farming, seeds preserved/stored for sowing, fertilizers dedicated for land reform, sufficient quantity of crops for his living with his family, one cow and six heads of sheep and ten heads of goats and fodder adequate to the foregoing animals for one month.

11- Fruits, vegetables, and crops before they develop a material value .

12- What exceeds one third of the salary of civil servants/ employees and quarter of the salary of the army officers and civil and military retirees (not with prejudice their special laws).

13- Uniform of military, police, and those having a special uniform.

14- Policies documents, order bonds, and other type of negotiable commercial papers. However, if any of the aforesaid commercial instruments was lost or the holder thereof was adjudicated bankrupt or was subject to non-payment objection, or the true holder thereof was determined by the court (and thus become nonnegotiable), then such commercial instruments shall become attachable.

15- Author literature, pictures, maps and other artistic plans before they are replicated. If the work was meant to put for sale in the same condition it was produced by its author, then such shall be attachable.

16- Distinctive marks, commercial address, and patents.

17- The debtor's residence (house) or after his death the residence of his family. The consideration of the sold residence and expropriation thereof for public interest shall take the effect of

residence. The share in the jointly owned residence, or in the land on which the residence is intended to be built shall take the effect of residence. However, if the residence was mortgaged or the debt was originated from its price then it may be attached to pay up the price or the value of the mortgage.

18- The debtor's real-estate which he makes living out of its revenues that do not exceed the debtor's or, after his death, his family's needs.  However, if the real-estate was mortgaged or the debt was originated from its price then it may be attached to pay up the price or the value of the mortgage.

## Article  (249)

If the precautionary attachment was placed on any of the properties stipulated in the preceding Article and the judgment was lodged for enforcement at the execution department, then the debtor may plead that such is not attachable. The execution department may decide to remove the attachment if it ascertains that the property in question is not attachable.

## Article  (250)

The prime clerk or who acts on his behalf, shall place the precautionary attachment according to the rules and procedures stipulated in the Execution Law.

**Chapter Two**
**Arbitration**

## Article  (251)

It is permissible to agree on resolving a certain dispute through arbitration.  Also, it is permissible to agree on arbitration as a dispute resolution mechanism for all disputes that may arise from the implementation of a certain contract.

## Article  (252)

The arbitration agreement may not be proved except by a written evidence. However, arbitration can be agreed upon during the action (proceedings). If the arbitration agreement was proved to the court or if the court has approved such an agreement in the course of the proceedings, then the court shall decide to postpone the suit until an arbitral award is issued.

## Article  (253)

1- The dispute may not be heard by the court if it was subject to an arbitration agreement between the parties.

2- However, if one of the parties resorted to the court and the other party did not object to that, then the suit may be heard and the arbitration clause shall be deemed as null and avoid.

3- If there was an objection by the other party, then the court shall decide to postpone the suit until an arbitral award is issued.

## Article  (254)

Arbitration is only allowed in matters that can be subject to reconciliation, and by parties who are entitled to dispose of their rights.  Arbitration may be implemented among spouses according to the civil status law and the provisions of the Islamic Share'a.

**Article  (255)**

The arbitrator may not be holding a judicial capacity except with the permission of the judicial council, and may not be a minor or placed under guardianship or a derived from his civil rights or a bankrupt that has not been rehabilitated.

**Article  (256)**

1- If when the dispute arises the litigants have not yet agreed on the arbitrators, or if one of the arbitrators declined or was unable to assume his position, quit, or was discharged, and such a situation was not addressed in the parties agreement, then any f the parties may resort to the competent court and request the same to appoint the missing arbitrator(s) (after notifying and hearing the other parties\litigants).

2- The court's decision to appoint the missing arbitrators shall be final and unchallengeable. However, its decision to reject the request of such an appointment  shall be challengeable by cassation according to the provisions of Article  (216) of this law.

**Article  (257)**

If there was more than one arbitrator, then the number of arbitrators shall be odd except for arbitration between spouses.

**Article  (258)**

If the parties authorize the arbitrators to agree on a settlements then such settlement shall be enforceable (effective).

**Article  (259)**

The arbitrator's acceptance to his appointment shall be in writing (unless he was appointed by the court).  However, such an acceptance may be evidenced by the arbitrator's signature on the arbitration agreement. The arbitration agreement may not terminate by the death of either party.

**Article  (260)**

After accepting his appointment, the arbitrator may not quit without an acceptable excuse, and may not be discharged except by the parties agreement.

**Article  (261)**

1- The arbitrator may be recused for the same grounds of recusing judges.  The recusel of arbitrators shall be only for reasons that become apparent after the appointment of arbitration.

2- The recusal request shall be submitted to the court that is originally competent to hear the dispute. The court's decision on this matter shall be challengeable by cassation according to the provisions of Article  (216) of this law.

**Article  (262)**

1- If resorting to the arbitration option was required to be done within a certain period of time, then such option shall terminate when upon the expiry of such a period, unless the litigants agree to extend the same.

2- If the arbitrators' decision was not required to be made within a certain period of time, then it shall be made within (6) months of their acceptance to handle the arbitration.

3- If one of the litigants passes away, or if an arbitrator was discharged or if a recusel request was filed, then the period set for the issuance of the arbitral award shall extend until such a contingency is sorted out.

**Article (263)**

If the arbitrators failed to resolve the dispute within the agreed upon period or the one stipulated in the law, or if they were unable to submit their report due to a ***force majuere,*** then each litigant may invoke the competent court to apply for an extension, or to request the court to adjudicate the dispute or to appoint an alternative/another arbitrators for that purpose, as the case may be.

**Article (264)**

The request submitted to the competent court to appoint arbitrators does not, as it stands, include ratifying their decision, or issuing a judgment of its purport, unless such was expressly indicated in the request. In such a case the court shall appoint the arbitrators and decide to postpone the suit until the issuance of the arbitral award.

**Article (265)**

1- The arbitrators shall abide by the rules and procedures stipulated in the Civil Actions Law, unless the arbitrators were expressly exempted from that in the arbitration agreement, or any other subsequent agreement, or a particular procedural process was put down for the arbitrators' task.

2- If the arbitrators were authorized to embark on a settlement, then they shall be exempted from complying with the rules and procedures stipulated in the Civil Actions Law, except those pertaining to public order.

**Article (266)**

The arbitrators shall resolve the dispute according to the arbitration agreement or clause, the documents and what the parties submit thereto. The arbitrators shall specify the timeframes for the parties to submit their pleadings and documents. However, they may resolve the dispute based on the claims and documents provided by one party if the other party failed to submit his pleas within the set timeframe.

**Article (267)**

The arbitrators shall collectively handle the investigation procedures and each of them shall sign on the prepared minutes, unless they have deputized one of them to handle specific procedures, and recorded that in the minutes.

**Article (268)**

If in the course of the arbitral procedures there has been an issue that fall outside the arbitrators' authority, or an allegation of forgery in a document, or if criminal procedures were undertaken to investigate the alleged forgery or any other criminal incident, then the arbitrators shall suspend their work and request the parties to submit their claims to the competent court.  In this case the specified timeframes shall cease to run until a final judgment is issued in this matter.

**Article (269)**

Arbitrators should go back to the competant court originally assigned for the dispute to issue it's decision for judicial delegations that may be necessary in settling the dispute, or if needed taking legal action as a result of witness abstention or refusal to respond (testify).

**Article  (270)**
1- In accordance with this law and after collective discussion among themselves, arbitrators issue their award in writing, either unanimously or by majority. The drafting of the said decision shall be similar to that of any issued written court judgment.

2- The decision shall particularly include a summary of arbitration award, statements and documents of litigants, text and reason of the decision, place and date of issue and the signatures of arbitrators.

**Article  (271)**
After the arbitrators issue their award in compliance with the foregoing, they shall give a copy of it to each of the parties, and hand over to the competent court the award along with the original arbitration agreement. This shall be done within the following three days of issue, making sure to obtain a receipt for it signed by the court's clerk.

**Article  (272)**
1- According to the request of either party, and after the payment of specified fees, the arbitrators' award shall not be implemented by the executive departments whether the arbitrators who issued it were appointed by court or by way of mutual agreement, unless the competent court of approves it.

2- The arbitrators' award applies only to the disputing parties who have acknowledged the appointment of the arbitrators and to the matter which the  arbitration was held for.

**Article  (273)**
When the arbitrators' award is presented to the competent court, the disputing parties can revoke this award and so can the court on it's own initiative in the following situations:
1. If the award was not issued in a written document, or was based on an invalid agreement, or if it exceeded the limits of the agreement.

2. If the award is not in accordance with or contradicts the rules public order and regulations or any of the arbitration rules specified in this law.

3. For any grounds valid for a retrial.

4. If there was a substantial error in the award or in any of the proceedings that might influence the validity of the award.

**Article  (274)**
The court can approve or revoke the arbitration award either totally or partially and in either case it can send the proceeding back to the arbitrators to amend the award.  The court may also settle the dispute on its own if the case was valid for settlement.

**Article  (275)**
The judgment that is issued by the competent court according to the previous Article is not be objected to. However, it shall be challengeable by other methods of appeal stipulated in the law.

**Article  (276)**

Fees of arbitrators can be specified through the agreement of the parties in the arbitration contract or in a subsequent agreement. Otherwise such fees shall be determined by the competent court, either in it's judgment or in a separate decision which can be objected to or challenged by way of cassation according to the provisions of Articles (153) and (216) of this law.

**Article  (277)**

1-  If the debtor wants to pay up his debt, he may, through the notary public propose to the creditor to extinguish his obligation, whether that was cash or movable property.. The notary public shall inform the creditor of the said proposal requesting his presence for delivery at a certain place and time.

2-  The notary public or his delegate shall accompany the debtor at the set time to the location where the movable property exists, if such was outside his jurisdiction. He has to record in writing the description and quantity of this property as well as the acceptance of the creditor to receive it or his decline to do so, then he shall sign this document and so the creditor and debtor shall do. A copy of this document is given to both creditor and debtor, and the notary public shall keep the original.

**Article  (278)**

It is allowed to make an actual proposal during the court argument pleading and in front of the court without having to follow any other procedure if the party proposed to was present. When the offered money is refused then it shall be handed over to the hearing clerk to be deposited at the court's treasury. It has shall be stated in the deposit record what was substantiated in the hearing record concerning the proposal and refusal of both parties.

**Article  (279)**

1-  If the creditor refused the proposal or was not present in front of the court and the proposed was money, the debtor in this case can deposit his offer at the court's treasury.
2-  If the proposed was movable property, then the court or the notary public, as the case may be, shall appoint the place and conditions it shall be kept under as well as a just person to supervise it.

3-  If the proposed was real-estate or immovable property, then the debtor is allowed in such a case to request from the court to place such property under the hand of a just person; such shall be considered as a deposit.

**Article  (280)**

In case the debt was proposed to the creditor in a correct manner or was deposited at the court treasury before filing a suit, the creditor in this case shall pay for the expenses of court proceedings as well as the lawyer's fees. He shall also pay for any additional expenses after the proposal and deposit if they occurred during the case proceedings.

**Article  (281)**

If the deposit takes place then the court shall notify the creditor within three days of this action.

**Article  (282)**

The creditor can object to the validity of the proposal or deposit within three days of his notification of these two actions, otherwise his silent concerning the objection will be considered an acceptance to both.

**Article  (283)**

1- It is acceptable to initiate action or proceeding either to prove validity of both proposal and deposit or to nullify them.

2- The proposal shall not be adjudicated valid unless the proposed amount is deposited, along with the due interests thereon up until the deposition date.  In addition to establishing the validity of the proposal, the court shall hold the debtor discharged from the debt as of the date of the proposal.

**Article  (284)**

The creditor may accept a proposal which he has previously refused , and to collect the amount that has been deposited in his name provided that the debtor has not withdrawn such a proposal.

**Article  (285)**

1- The debtor may withdraw his proposal, which was not accepted by the creditor, and restore the amount which he has deposited.

2- However, the proposal may not be withdrawn and the deposited amount may not recovered if the creditor has accepted such a proposal, or after the issuance of a judgment establishing the validity of such a proposal and that it has become final.

# Part Four

## Complaining Against Judges

**Article  (286)**

Each of the litigants may file a complaint against the judge commissair or the court's panel or one of its judges, or the religions judges in any of the following cases :

1- If the complained of committed a cheat, fraud, or a material professional mistake in performing his duties in an illegal manner, or on the account of partiality, or with the intent to harm one of the litigants.  In particular, this includes: altering the litigants' or the witnesses' statements, or concealing documents and papers necessary for issuing the judgment.

2- If the complained of has received an advantage to favor the interest of one of the litigants.

3- If he denied justice.  This shall include to refuse, without any excuse, to answer a petition or to delay, without any justification, what is necessary for such answer, to decline hearing and settling a case that is ready for action the same without an acceptable excuse – provided that the judge shall waned through a petition via the notary public, which shall include requesting him to "uphold justice" within (24) hours for petitions, and (7) days for lawsuits.

**Article  (287)**

1- The complaint shall be made by a petition to the court of appeal to which the complained of  is connected, or to the court of cassation if the complained of was a judge or a panel in the court of appeal.

2- The petition shall be signed by the complainant or his attorney pursuant to a special and notarized power of attorney.  The petition shall include the name, profession, and place of residence of the complainant, and the name of the complained of and the court which he follows and the reason and grounds of the complaint.  The complainant shall deposit at the court's treasury a cash bond of (50) Dinars .  The petition shall not be accepted if any of the aforesaid conditions was not met.

**Article  (288)**

The warn addressed to the judge or the judge commissair, and his invitation to "uphold justice" and the complaint petition shall not include unflattering themes against the complained of, subject to a fine of not less than (20) Dinars and not more than (50) Dinars .

**Article  (289)**

After being notified with the complaint petition, the complained of may not hear the complainant's suit or any other suit relating thereto, or to any of his relatives to the forth degree, until the complaint is decided on.

**Article  (290)**

The complaint petition shall be notified to the complained of who shall respond thereto in writing within (8) days from the date of notification. After expiry of this period, or receiving the response of the complained of the court shall scrutinize the documents to discern/decide on the relevance of the complaint grounds to the suit, and the acceptability of the complaint. If the court decided to hear the complaint it shall specify a date for the hearing session and notify the parties therewith.

**Article  (291)**

1- If the court decided to dismiss the complaint, or if the complainant failed to establish his allegations then the court may sentence the complainant with a fine not less than (20) Dinars and not more than (50) Dinars, in addition to compensate the complained of for any damage. The fine shall be deducted form the cash bond, and the compensation shall be collected from any residual amount of such bond.

2- If the complainant was able to establish his claims, then the court shall require the complained of to compensate the complainant for any damage that the latter's sustain, and inform the Ministry of Justice to take the appropriate legal measures in this respect.

**Article  (292)**

The decision of the court of appeal made in the complaint shall be challengeable before the general panel of the court of cassation; in this case the provisions relating to challenge by cassation shall apply.

# Part Five

## The Judicial Aid

**Article  (293)**

1- The state shall offer judicial aid to poor people who are unable to pay the judicial fees due on filing lawsuits or challenges according to the law.

2- Such an aid/grant can be also paid to the charitable juridical persons, or those aiming to educating  poor people.

3- Such an aid is conditioned on establishing status of poverty and the probability of having a successful case. The court may, in the aforementioned situations, decide to postpone the collection of the judicial fees until the issuance of the judgment.

**Article  (294)**

1- The application for judicial aid shall be submitted to the court hearing the suit/challenge. The application shall indicate the suit's facts, the proof evidences thereof, and it shall be accompanied with a statement of the status of poverty ratified by city council to which the applicant follows.

2- The judicial aid pertaining to the lawyers' services shall be subject to the provisions of the Law of Legal Practice, and the court shall decide on the application for judicial aid as a summary matter.

**Article  (295)**

The decision made on judicial aid shall temporarily exempt the applicant from all judicial fees.

**Article  (296)**

If the applicant for judicial aid was successful in his case, the execution department shall collect the adjudged judicial fees from the judgment debtor and shall upon an order by the court record the same as a revenue to the treasury.

**Article  (297)**

If in the course of the suit the status of poverty has change, then the court may cancel the decision of granting the judicial aid or the decision of postponing collection of fees. In this case, the judicial fees shall be collected from the party to whom the judicial aid was granted; such collection of fees shall be conducted by way of execution upon an order by the judge.

**Article  (298)**

If the litigant was imprisoned or poor, the state shall cover the transportation/mobilization expenses for him to attend the court session.

# Book Four

# Religious Courts and their Proceedings

**Article (299)**

The following provisions shall apply to the religious suits. In the absence of a legal provision in this section, the provisions of civil actions stipulated in this law shall apply, in so far as they are compatible with the nature of religious suits.

**Article (300)**

The following matters shall be under the jurisdiction of religious courts:

1- Marriage, and all other matrimonial matters including dowry, maintenance, parentage (linage), custody, separation, and divorce.

2- Custody, guardianship, curatorship, will, appointment of a custodian or a guardian (and discharging, calling to court, and permitting the same to undertake legal and religious dispositions).

3- Appointing a trustee to administer linage (Waqf) (Mort Main), discharging and calling the same to court, and nominate a trustee for charitable and joint Waqf.

4- Placing a person under guardianship, removing the same and establishing rationality.

5- Recording the death incident, releasing estates, and specifying the heritage shares and distribute the same among heirs.

6- The Missing and all matters relating thereto.

**Article (301)**

The religious court shall organize the Waqf and the will deeds, and other types of deed which the court is in charge of, and register the foregoing according to the law. The religious court shall be also in charge of ratifying the powers of attorney pertaining to the suits filed thereto.

**Article (302)**

The religious court shall be in charge of making summary judgments on temporary maintenance, or to appoint a custodian (in a custody dispute) to look after the minor provided that the court shall have reasons to fear an imminent danger against the applicant for maintenance, or, as the case may be, against the minor to remain under the current custodian. Such judgments shall remain valid until the original case is adjudicated. The religious court shall be in charge of undertaking other summary matters which fall under its jurisdiction.

**Article (303)**

The religious suit shall be filed to the court wherein the defendant's residence is located. However, marriage suits may be raised before the court wherein the marriage contract was concluded. The separation/repudiation and divorce disputes may be raised before any of the aforementioned courts, or the court wherein the place where the cases reason/ground has occurred.

**Article  (304)**

The suit of the maintenance of ancestors, descendants, and wives shall be raised before the court wherein the plaintiff or the defendant resides. Suits for other types of maintenance shall be filed to the court of the defendant's residence.

**Article  (305)**

1- The court of the permanent residence of the diseased shall be in charge of approving the religious distribution of heritage. Religious distributions made by other courts shall have no effect.

2- The said court and the court of the estate's location shall have a territorial jurisdiction to release the estate.

3- The liquidation of the estate shall be conducted at the court of the permanent residence of the diseased, not with prejudice to the authorities of other courts in connection with the deceased's property under the  possession of such courts, in accordance with the Administration of Minors Property Law.

**Article  (306)**

1- No lawsuit may be raised against a trustee of Waqf without a religious permission.

2- The counter part in the will dispute is the person who has the "religious" right in the property to which the will is related.

3- A suit for mere parentage may be filed.  However, the suit of inheritance may not be considered except in association with the property.

4- The custodian shall act as a counter litigant in the suit of the minor's maintenance.

**Article  (307)**

1- The judge may place a person under guardianship if the requirements of such are satisfied, without the need for another litigant/counterpart to exist. However, the counterpart in the suit for removal of guardianship is the guardian/curator himself.

2- The judge shall summon the person to be declared under guardianship for his prodigality, and hear his pleading and statements in that connection.

3- The state of insanity, idiocy, incapability of expression of well owing to deafness, muteness, or dotage shall be established by a report issued by an official medical committee.

**Article  (308)**

The court shall in its own initiative, put the plaintiff upon oath in the following cases:

1- If the wife claimed maintenance from her absentee husband's property, and she was able to prove her right therein. In this case the court shall require hear to swear the following oath:

**"I swear to God that my husband has not left for me any maintenance, nor anything of maintenance nature, and I was not a recalcitrant nor a divorced whose period of waiting (iddat) has expired".**

2- If a person other than a father or a grand father has approved the marriage of a minor (girl) who decided upon maturity to "choose/release herself" and thus requested the marriage contract to be rescinded and to repudiate her husband, and was able to establish her case, the court shall require her to take\swear the following oath:

**"I swear to God that I decided to choose my self as soon as I got mature"**

## Article (309)

1- Judgments made against the treasury, mort main (Waqf), minors, absentees, insane, idiots, or others lacking in capacity, and all judgments rescinding marriage contracts and deeds shall have the effect of judgments (such as deeds relating to replacing, permitting consensual division of property). If these judgments and deeds were not challenged by cassation by the relevant parties, then the judge shall as soon as possible send the suit's file to the court of cassation to be scrutinized by such court.

2- All the judgments and deeds contemplated in the preceding Paragraph may not be enforceable before being ratified by the court of cassation.

3- Other types of orders issued by the judge pursuant to his jurisdictional competence shall have the effect of the orders on petitions stipulated in Articles (151-153) of this law.

## Article (310)

Legal and religious distributions of estate may not be approved prior to fulfillment of the following procedures:

1- A statement shall be provided by the mayor of the place wherein the diseased used to reside or by the chairman of the society or association to which the diseased belong. The statement shall contain the following information:

    a. The date of death (of the diseased).

    b. The names of the heirs and the kinship of each them to the deceased.

    c. A statement of whether the deceased was a minor or an adult.

    d. Signature and stamp of the mayor or of the society's or association's chairman or the administrative officer, and the signature of the head of the deceased family if available or of two adults of the deceased's family members or, if not available, the signature of two trustful persons who have a good acquaintance of the deceased and his heirs.

    e. The signature of the distribution's applicant, who shall be one of the heirs or authorized by an official party to collect the distribution and follow up its organization.

2- After collection of fees, the judge shall request the applicant for distribution of the estate to furnish a statement testifying the death of the inherited person and the date of decease, in addition to a list of the heirs and the kinship of each of them to the deceased. After hearing all statements and establishing certainty of the death incident and inheritance, the judge shall approve and register the distribution of the deceased's estate.

# Book Five

# Miscellaneous

# Part One

# The Court's Working Hours and Registers, and the Paper's Copies

**Article  (311)**

The court's working hours shall be determined by a declaration to be published by the head of the court of cassation, according to seasons, provided that the working hours may not be less than (5) hours a day. Special working hours arrangements may be arranged for the month of Ramadan and for Thursdays, provided that such may not be less than (4) hours a day.  Such declaration shall indicate the time when the working hours start and end/close.

**Article  (312)**

The bureau of each court, including the court of cassation, shall keep the following registers/records:

**First**: **The Prime Register**: in which the name of the plaintiff and defendant, their places of residence, surnames, a summary of the suit, and the date of submission of the pleading, shall be registered in serial numbers.

**Second: Register of Notifications:** in which the date of the suit's notification to be notified to the plaintiff and the defendant, the date specified for attendance before the court, the nature of the suit and the date of notifying the judgment in absence, shall be registered in serial numbers.

**Third: Register of Documents:** in which all documents, delivered to the court and their number, type, date and summary thereof shall be registered . Such documents shall be also stamped by the court's stamp and signed by the judge and the session's clerk and a receipt shall be given to their submitter.

**Fourth: Register of Notices**: in which the notices issued by the court shall be registered.  Such notices shall be also signed by the judge commissair or the court's panel.  This register may be substituted by filing the first copy of the notices in the form of the file of the judge commissair or the court's panel. Such copies shall be signed by the first/ prime clerk of the court.

**Fifth: The Fees Register**: The fees collected by the court in the lawsuits and matters emanating therefrom  shall be recorded in this register.

**Sixth: The Register of Trusts**: all bonds/securities and other sums deposited in the court's treasury and the name of the depositor and the suits' numbers shall be registered herein.  The depositor shall be given a receipt of payment.

**Seventh: The Register of Legal Distributions**: all distributions approved by the court of first instance shall be registered herein.

**Eighth: The Files Register:** in which the files sent and received by the court shall be registered.

**Article  (313)**

In addition to the registers stipulated in the preceding Paragraph, the religious and civil status court shall keep the following registers:

**First: The Release of Estate Register**; which shall record the estates, which the court releases, and the number, type, descriptions thereof, in addition to the name of the applicant of the release, the ground of the requested release, and the date, the place, and its estimated value.

**Second: Sale of Estate Register**, which shall record the prices of sold items and a detailed description thereof.

**Third: The Register of Marriage Permissions**; which shall record the marriage contracts and any rescission, separation, or divorce that take place in relation thereto. If the rescission, separation, or divorce was made by a court other than the court wherein the marriage contract was concluded, then such a court shall notify the court wherein the contract was concluded with such an event.

**Fourth: The Register of Religious Deeds**; which shall register all the religious deeds, organized by the court. Such deeds shall be signed by the relevant parties and the witnesses, and documented by the judge.

**Fifth: The Register of Distributions**; which shall record the religious distributions that were properly organized with the court's knowledge.  Such distributions shall be signed by the judge.

**Article  (314)**

All the registers contemplated in the preceding Articles shall be bound, numbered with serial numbers. The total page number of each register shall be indicated at the front and last page thereof.  Each page of the register shall be stamped by the court's stamp and signed by the court's prime judge.

**Article  (315)**

1- The space between a notice record and the following one shall only take the signature of the court's prime judge or panel.

2- It is not allowed to make any insertions, annotations, or scrap-offs. In case some words needed to be inserted, which were left out by way of inattention, then such may be inserted in the appropriate place, and the missing words may be written at the notice's margin and shall be signed thereunder by the prime judge and the prime clerk.

**Article  (316)**

The prime clerk shall ensure that every recorded notice corresponds and is identical to the original, and shall confirm such with his signature before referring it to be signed by court's prime judge or panel.

**Article  (317)**

1- Neither the original copy of the submitted instrument/deed nor a copy thereof may be given except upon a request of its holder or who acts on their behalf. Such a request shall be submitted to the court by a petition; the head of the court shall order the petition to be answered.

2- The suit's number and the stage it has arrived to shall be affixed on the instrument.

**Article  (318)**

In case there was a need to give a copy of the submitted documents and instruments and the recorded notices, then such a copy shall be endorsed by the court's stamp, and notified as a true copy by the prime clerk. If there was a need to give the original then a photographic copy or a copy ratified by the prime judge, and endorsed by the court's stamp, shall be kept under the court's control.

# Part Two

## Transitional and Complementary Provisions

**Article  (319)**

The provision of this law shall apply to the suits existing prior to its coming into force, as from the stage such suits have reached to.

**Article  (320)**

The limitation periods of the challenges made before the enactment of this law shall be subject to the provisions of the previous law.

**Article  (321)**

Upon the enactment of this law the courts shall in their own initiative transfer, without charging any fees, the lawsuits that have become outside their jurisdiction to the competent court according to this law, and in the current status of such suit. The competent court shall hear the transferred suits as from the stage they have arrived to, save for the suits in which the court has decided to close the pleading (action).

**Article  (322)**

1- The court of first instance (the jurisdiction of which is stipulated in this law) shall substitute the limited and non-limited courts of first instance. Further the expression of (first instance judge) shall replace the (limited/non-limited first instance judge).

2- The first instance judges of class four, three, two, and one shall be considered proper judges/judge commissair.

3- This provision/law shall amend the Law of Judicial Authority, and other laws.

**Article  (323)**

The law of Civil and Commercial Action number (28) for the year 1956 and its amendments and its appendix no. (40) of 1963 shall be repealed. Any provision in the Law of Judicial Authority and other laws, that expressly or implicitly contradict with the provisions of this law, shall be also repealed. However, all the instructions issued pursuant to the previous law shall remain in effect, until such are canceled or amended by other instructions.

**Article  (324)**

This law shall come into force (3) months after its publication in the official Gazette.

**Article  (325)**

The Minister of Justice shall be responsible for the implementation of this law.

**Drafted in Baghdad in the 11th of Rabie' the first of the Hegri year 1389, corresponding to the 27th of may, 1969.**

**Ahmad Hassan Al-Baker,**
**The President and the Prime Minister.**

67

# EXHIBIT 3









# EXHIBIT 4

## SERVICE OF PROCESS

I hereby [signature] have received the two set of Summons & Complaint (Documents in English and Arabic language) served by Newton Advisors in the case matter filed against Respondents Ahmed Karim and iStar Co of the address Nishtiman Bazaar, Erbil, Kurdistan.

Name _____ فرهد كريم (امين)

Position _____ قه ره مان قه

Signature _____ \ < / ٢٢

Date _____

