UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DISH NETWORK, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ISTAR COMPANY and AHMED<br>KARIM, et al.,<br><br>        Defendants. | Case No. 21-12219<br>Honorable Laurie J. Michelson |

## ORDER DIRECTING PLAINTIFF TO SUBMIT A PROPOSED ORDER

Dish Network LLC sued Istar Company and its CEO, Ahmed Karim, for transmitting channels that Dish says are protected by copyrights it holds. Dish brings one count of direct copyright infringement and one count of vicarious copyright infringement against Istar and Karim and brings one count of inducing and materially contributing to copyright infringement against Istar, Karim, and two other defendants. (ECF No. 1, PageID.18–24.)

After Istar and Karim did not appear in this case, Dish requested a clerk's entry of default as to each of them. (ECF No. 14.) In response, the Court issued a show-cause order directing Dish to explain how Istar was properly served under Federal Rule of Civil Procedure 4. (ECF No. 15.) Dish did so (ECF No. 16), and the Clerk entered default (ECF Nos. 18, 19).

Now, Dish asks this Court for a default judgment as to Istar and Karim. (ECF No. 29.) As part of that judgment, Dish asks the Court to issue a permanent

injunction against Karim and Istar and include in that injunction "an order for third party service providers to cease providing services supporting Defendants' infringement and an order for registries and registrars to disable and transfer to DISH the domains supporting Defendants' infringement." (ECF No. 29-1, PageID.247.) It also asks for the statutory maximum in damages for each registered work that was infringed, totaling $23,550,000. (*Id.* at PageID.236.)

The Court requests that Dish submit a proposed default judgment to the Court via the CM/ECF Utilities function. That proposed order must explain each of the following: (1) why this Court has personal jurisdiction over Istar and Karim, *see Ayers v. Receivables Performance Mgmt., L.L.C.*, No. 2:15-CV-12082, 2016 WL 5402962, at *1 (E.D. Mich. Sept. 28, 2016); Mary Kay Kane, 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.), (2) why Dish has properly served Istar and Karim under Rule 4, *see King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[F]or without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant."), (3) why the allegations of the complaint state a claim upon which relief may be granted, see 10A Fed. Prac. & Proc. Civ. § 2688.1, (4) why the amount of damages requested for any legally viable claim is correct, *see Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (explaining that "allegations in the complaint with respect to the amount of the damages are not deemed true"), and (5) why a permanent injunction against Karim and Istar, as well as non-parties, is warranted.

The Court acknowledges that many of these topics are covered in Dish's brief in support of its motion for default judgment. (ECF No. 29-1.) But some of these topics

2

have not been fully analyzed. And the Court would prefer these topics be covered in the form of a proposed order as well as in a brief.

  SO ORDERED.

  Dated: October 5, 2022

         <u>s/Laurie J. Michelson</u>
         LAURIE J. MICHELSON
         UNITED STATES DISTRICT JUDGE